Adeline MEES, Plaintiff and Appellant,

v.

Herman W. MEES, Defendant
and Appellee.

Civ. No. 10163.

Supreme Court of North Dakota.

Oct. 20, 1982.

LaRoy Baird, Bismarck, for plaintiff and appellant.

James D. Schlosser, Bismarck, for defendant and appellee.

VANDE WALLE, Justice.

Adeline Mees appealed from a judgment[1] granting her a divorce from Herman Mees and awarding her alimony in the sum of $75 per month for a period of two years. We modify the judgment and affirm as modified.

Adeline and Herman had been married for some 34 years at the time of the divorce. They have seven children, all of whom are of the age of majority. Prior to the divorce the couple sold the family home and the proceeds were divided by agreement of the parties. The balance of the personal effects of the parties also were divided by agreement prior to the divorce.

At the time of the divorce Herman was 54 years of age and had worked for the same business for more than 20 years. Adeline was 51 years of age and had been employed as a sales clerk since 1974. Adeline has a grade-school education. She has a back condition for which she required surgery twice and she may require additional back surgery in the near future. Herman has pancreatitis, a condition for which he may require future medical treatment. During 1981 Herman's gross salary was $25,000 and his net was $16,000. Adeline

1. The notice of appeal states that the appeal is taken from the "order" of the district court entered on the 3d day of December, 1981. An examination of the record reveals that the judgment was entered on December 3, 1981. The order for judgment was initially dated November 17, 1981. An order for judgment ordinarily is not appealable. *Piccagli v. North Dakota State Health Dept.*, 319 N.W.2d 484 (N.D.1982). Here, because Adeline appealed from an "order" dated December 3, 1981, and there is no "order" of that date but there is a judgment of that date, it is apparent that she has appealed from the judgment. There also are other judgments in the record before this court: one dated January 22, 1982, which apparently was entered as a result of a denial of Adeline's motion for "New Trial and Request for Review," which simply denies the motion, and one dated February 8, 1982, entitled "Amended Judgment," which apparently corrected an error in the date the alimony was to begin. There is no dispute by Herman as to the judgment from which the appeal was taken.

earns $525 a month as take-home pay. In addition to these facts the trial court found that Herman had physically abused Adeline during the last five years of the marriage. The parties lived apart for nearly two years prior to the divorce trial. The trial court awarded Adeline a divorce on the ground of irreconcilable differences.

Adeline contends, on appeal, that the alimony award to her of $75 per month for two years is insufficient. She acknowledges that alimony and property divisions are findings of fact to be made by the trier of fact, to be reviewed by this court to determine whether or not those findings of fact are clearly erroneous under the standard set forth in Rule 52(a), N.D.R.Civ.P., and that it is her burden, on appeal, to show that the findings of fact are clearly erroneous. *Svetenko v. Svetenko,* 306 N.W.2d 607 (N.D.1981). Adeline urges us to conclude that the findings are clearly erroneous because the trial court, although finding that Herman physically abused her, did not find that he sexually abused her as she had testified. Adeline contends that because the trial court found that Herman physically abused her, the award of alimony to her should have been greater. It is true that the conduct of the parties during the marriage is *one* of the factors to be considered by the trial court. *Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952). See *Williams v. Williams,* 302 N.W.2d 754 (N.D.1981). Recently we stated with regard to conduct of the parties:

"We believe it is obvious that the trial court took into account the conduct of both parties when it made its property division. Under the *Ruff-Fischer* guidelines, the conduct of the parties is only one factor among a number of others to be considered by the trial court when dividing property. Conduct is not necessarily the sole or controlling factor and the guidelines do not require the division of property to be based on conduct of the parties; rather, they require that the trial court consider conduct in making the property distribution." *Rust v. Rust,* 321 N.W.2d 504, 506 (N.D.1982).

Subsequent to the judgment but prior to the appeal, Adeline moved the trial court for a new trial. In its opinion denying a new trial the trial court stated:

"Both Plaintiff and Defendant are experiencing serious health problems. Plaintiff may require back surgery. Defendant has a pancreatic disorder that needs further testing. Defendant has a take home pay of approximately $1,350.00 per month. Plaintiff nets about $550.00 per month from her job. Prior to the divorce, the marital home was sold. Plaintiff received the furniture. She got $10,000.00 to $13,000.00 more than Defendant. Plaintiff had assets of about $16,000.00 and debts of $200.00 at the time of the divorce. Defendant had assets of about $6,000.00 and debts of $6,700.00. I found Defendant to be at fault as far as grounds for divorce go, but said fault was not great."

It is clear that the trial court did consider the conduct of the parties. It found that Herman physically abused Adeline but that did not weigh heavily in the trial court's determination. We reiterate that we have required conduct of the parties during the marriage to be only one of the factors considered by the trial court in dividing the marital property or in awarding alimony. We have not required that the division or award be based on that factor alone. *Rust v. Rust, supra.*

Adeline refers us to the decision in *Hegge v. Hegge,* 236 N.W.2d 910 (N.D.1975), in which this court, in reversing an award of alimony to the wife, indicated that fault or misconduct is significant and important in the question of alimony. We do not consider that case controlling in this instance. In *Hegge* the trial court gave no factual basis for the award nor did it explain or give any reason for allowing alimony. Furthermore, the party awarded alimony in *Hegge* was the party indulging in the misconduct and the misconduct was substantially greater than is present here.

We have indicated many times previously that a particular finding of fact is clearly erroneous when, although there is some evi-

dence to support it, the reviewing court on all the evidence is left with a definite and firm conviction that a mistake has been made and that simply because we might have viewed the evidence differently, had it been presented to us initially as the trier of fact, does not entitle us to reverse the trial court. See, e.g., *Williams, supra.* We are not left with a definite and firm conviction that a mistake has been made here insofar as an award of alimony based on conduct of the parties is concerned.

However, further review concerning the award of alimony in this instance is in order. In some cases it has been difficult to determine whether an award of "alimony" is a type of property division or a form of spousal support. See, e.g., *Eberhart v. Eberhart,* 301 N.W.2d 137 (N.D.1981). Here, it is apparent from the award of "alimony" that the district court awarded it as spousal support and not as a type of property division.[2] *Rust, supra.*

Furthermore, the conduct of the parties is only one factor which the trial court must consider in awarding spousal support. Section 14–05–24, N.D.C.C., requires the trial court to consider the "circumstances of the parties" in making the award and those "circumstances" include, in addition to the conduct of the parties, the respective ages of the parties; their earning ability; their station in life; their health and physical condition; the necessities of the parties and their circumstances, financial and otherwise; and the value and income-producing capacity of the property, whether it was accumulated before or after the marriage, and the efforts and attitude of the parties toward its accumulation. *Ruff v. Ruff, supra; Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966).

We are concerned particularly with the earning ability of the parties in this instance. The record reflects that there was little property to be divided which would produce substantial income to the parties,

although Adeline did invest her portion of the proceeds of the sale of the home of the parties in a certificate of deposit. The record also reflects that Herman's earning ability is considerably greater than Adeline's and the trial court so found. Herman's living expenses also are considerably greater than Adeline's, although the trial court, in denying Adeline's motion for a new trial, indicated it believed Herman's living expenses were somewhat inflated. Also, a comparison of the living expenses of the respective parties indicates that Herman purchases such items as meals, pays for his laundry, etc., which Adeline is expected to provide for herself, although both parties are working and the salaries of both parties were considered by the trial court. There also are findings of fact indicating one or both parties may need substantial medical care in the future and that Herman's employment is contingent but that his earnings are stable. A portion of Herman's living expenses, $360, is for payment of debts. The debts total $6,700. Payments at the rate of $360 per month, as revealed in the statement of living expenses filed with the trial court by Herman, indicate those debts will be paid off in the near future.

■ The list of estimated monthly expenses filed by Herman indicates a total of $1,395, while Adeline's estimated monthly expenses total $315. However, Adeline's estimated expenses do not contain her monthly expenses for food. In view of these facts we conclude that a limitation of two years upon the payment of spousal support is unwarranted. Herman's capacity to earn in the future is considerably greater, as compared to Adeline's capacity to earn; Herman's expenses are somewhat inflated and he is permitted to purchase what Adeline is expected to provide for herself; Herman's living expenses may very well consume a good portion of his net income, and it is obvious that Adeline's net income will barely meet her expenses.

2. Herman in his brief to the district court in opposition to the motion for review and for a new trial conceded the alimony award was subject to modification "whenever there has been a showing that circumstances of parties have materially changed." He thus concedes the award of $75 per month is for spousal support rather than a form of property division.

However, because it appears that Herman can reduce his expenses while Adeline's apparently are fixed, the spousal support of $75 per month should not be automatically terminated in two years, absent a change in these circumstances. The award is in the nature of spousal support, rather than a type of property division, and therefore it is subject to modification upon a showing of a change in these circumstances or conditions justifying such modification. *Eberhart, supra.*

We therefore order that the judgment be modified to delete the automatic two-year limitation upon the payment of the spousal support (alimony). In all other respects the judgment of the district court is affirmed.

ERICKSTAD, C.J., and PEDERSON, PAULSON and SAND, JJ., concur.