Peter J. HUGRET, Plaintiff and Appellant,

v.

Bonita L. HUGRET, Defendant and Appellee.

Civ. No. 10987.

Supreme Court of North Dakota.

April 10, 1986.

Farhart, Lian, Maxson, Howard & Sorensen, Minot, for plaintiff and appellant; argued by R. James Maxson.

Bosard, McCutcheon & Rau, Minot, for defendant and appellee; argued by Gary H. Lee and Gary Hazelton.

GIERKE, Justice.

Peter Hugret appeals from a district court divorce judgment. We modify the judgment, and, as modified, we affirm.

Peter and Bonita Hugret were married on June 23, 1963. Two children were born of the marriage. During the early years of the marriage Bonita opened a hair styling salon called Artistry, and after Peter's discharge from the military in 1965 he joined the business. Through their joint efforts

Peter and Bonita built up a sizable marital estate, which at the time of trial was valued at $511,575.00.

In early 1982 Bonita quit working at the hair styling salon. Soon thereafter she began to exhibit erratic behavior, which twice led to involuntary commitments at St. Joseph's Hospital in Minot. She has been diagnosed as manic depressive.

Peter commenced this divorce action in 1984. The trial court awarded custody of the two children to Peter, and ordered that Peter have use of the family home until 1990, when it is to be sold and the proceeds divided evenly between the parties. Bonita was awarded various personal property in her possession valued at $50,320.00. In addition, the court determined that Bonita was entitled to a cash property award in the amount of $193,157.00, payable with nine percent interest in 300 monthly payments of $1,620.96. Peter was awarded the remainder of the marital property, including the hair styling salon. Peter was also ordered to pay permanent spousal support of $57.15 per month. The trial court did not award child support. Peter has appealed from the judgment, challenging the property division, the award of permanent spousal support, the failure to award child support, and the failure to appoint a conservator to monitor Bonita's assets.

■ Peter contends that the trial court erred when it failed to appoint a conservator to monitor Bonita's assets received through the property division. At oral argument, counsel for Peter informed us that at the close of the evidence he had orally requested that the trial court appoint a conservator for Bonita, and that the trial court had denied that request. We have thoroughly examined the record on appeal, and we can find no such request by counsel, nor a denial of the request by the trial court. The trial court's findings of fact, conclusions of law, and order for judgment do not mention a request for appointment of a conservator. We refuse to predicate

error upon an alleged occurrence which does not appear on the record.

Peter contends that the property division and award of permanent alimony ordered by the court are clearly erroneous. Initially, we note that the trial court's findings of fact, conclusions of law, and order for judgment contain an obvious inconsistency. The trial court stated in its conclusions of law that an equitable division required an award of 50 percent of the property to each party. The court then awarded property valued at $281,366.00 to each party. It is uncontroverted, however, that the total value of the marital estate was $511,575.00, making it impossible to award $281,366.00 to each party.

We have thoroughly reviewed the record and we are convinced that the trial court intended to give to each party 50 percent of the property, and the $281,366.00 figure is a computational error. In order to achieve the equal division intended by the trial court, each party should have been awarded one-half of $511,575.00, or $255,787.50. Bonita was awarded personal property valued at $50,320.00, and one-half the equity in the family home, which the court valued at $37,889.00. Thus, Bonita is entitled to a cash property settlement of $167,578.50:

```
$255,787.50  –  50% of marital estate
–  50,320.00  –  personal property
                 one-half equity in family
–  37,889.00  –     home
$167,578.50  –  BALANCE
```

The trial court originally awarded Bonita monthly payments with nine percent interest, spread over 25 years. Amortizing the $167,578.50 award over 25 years with nine percent interest produces monthly payments of $1,406.30. Because we believe it was the intent of the trial court to award 50 percent of the property to each party, we modify the judgment to reflect that intent. That portion of the judgment ordering property settlement payments is hereby modified, and Peter is ordered to make 300 monthly payments of $1,406.30 to Bonita as part of the property division.[1]

1. Because Peter has presumably been making payments to Bonita since the date of the judg-

Peter contends in his brief that the property division payments and spousal support are in excess of his monthly income and therefore clearly erroneous. At oral argument, however, Peter's counsel informed us that the payments were no longer in excess of Peter's monthly income, but were still excessive and unduly burdensome.[2]

The trial court's determinations on matters of property division and spousal support are treated as findings of fact which will not be set aside on appeal unless clearly erroneous. *E.g., Routledge v. Routledge,* 377 N.W.2d 542, 544 (N.D.1985); *Brodersen v. Brodersen,* 374 N.W.2d 76, 80 (N.D.1985). A finding of fact will be deemed clearly erroneous only when we are left with a definite and firm conviction that a mistake has been made. *Brodersen v. Brodersen, supra,* 374 N.W.2d at 80.

In dividing the property of the parties and determining whether an award of spousal support is appropriate, the trial court is to consider the guidelines set forth in *Ruff v. Ruff,* 78 N.D. 775, 52 N.W.2d 107 (1952), and *Fischer v. Fischer,* 139 N.W.2d 845 (N.D.1966). Factors to be considered include:

"... the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material." *Weir v. Weir,* 374 N.W.2d 858, 862 (N.D.1985).

■ Peter claims that the trial court's division of property and award of spousal support is inequitable and clearly erroneous because it does not adequately take into consideration his financial circumstances and the expense of raising the parties' two teenage sons. The record indicates that at the time of trial Peter received a salary of $1,400.00 per month from the hair styling business. In June 1985 Artistry's cash flow increased $1,185.00 per month.[3] With the modification to the property division ordered on appeal, Peter is obligated to pay to Bonita $1,406.30 for property division and $57.15 for spousal support, totalling $1,463.45 per month. With Peter's $1,400.00 salary plus the $1,185.00 increase resulting from the termination of payments on the Artistry building, Peter will retain over $1,100.00 per month after making the $1,463.45 monthly payment to Bonita.[4]

We have previously stated that in awarding spousal support the trial court must take into consideration the supporting spouse's needs and ability to pay, and the court's function is to balance the competing interests and make a determination which is equitable between the parties. *Routledge v. Routledge, supra,* 377 N.W.2d at 545. As in *Routledge,* however, we are not convinced in this case that Peter, in light of his income and other obligations, cannot make payments in the amount ordered by the trial court. *Routledge v. Routledge, supra,* 377 N.W.2d at 545. Peter has been awarded all of the income-producing assets of the parties, including an ongoing business with a net value of $337,694.00, and he draws a substantial income from the business. We also note that the judgment al-

ment in the amount originally ordered by the trial court, he will be entitled to a credit for the overages paid in the interim. Our modification of the property division does not, however, in any way affect Peter's obligation to pay monthly spousal support of $57.15, as ordered by the trial court.

2. The change in tenor of Peter's argument is apparently due to the fact that at the time of judgment only four mortgage payments remained on the Artistry building. When the fi-

nal payment was made in June 1985, Artistry's cash flow increased by $1,185.00 per month.

3. *See* Note 2, *supra.*

4. We also note that the mortgage on the parties' home will be fully paid in June of 1986. Although the $292.00 payments include some taxes and interest which Peter will still have to pay, Peter will have additional disposable monthly income equal to the current principal and interest payments.

lows Peter to at any time pay the outstanding principal due to Bonita, without penalty, thereby giving him the option of liquidating the business, paying off Bonita, and retaining the balance.

The party challenging a finding of fact on appeal bears the burden of demonstrating that the finding is clearly erroneous. *Routledge v. Routledge, supra,* 377 N.W.2d at 546; *Byron v. Gerring Industries, Inc.,* 328 N.W.2d 819, 821 (N.D.1982); *Mees v. Mees,* 325 N.W.2d 207, 208 (N.D. 1982). Peter has not convinced us that he is unable to make the payments ordered by the court, or that in any other respect the court's division of property and award of spousal support are inequitable. We conclude that the trial court's determinations on property division and spousal support are not clearly erroneous.

▮ Peter contends that the trial court erred in failing to order Bonita to pay child support for the two children of the parties. Peter requested that a specific amount be subtracted from his monthly payments to Bonita as a "set off" for child support.

A trial court's determination on matters of child support is treated as a finding of fact which will not be set aside on appeal unless clearly erroneous. *E.g., Brodersen v. Brodersen, supra,* 374 N.W.2d at 80; *Jondahl v. Jondahl,* 344 N.W.2d 63, 67 (N.D.1984). We have thoroughly reviewed the record and we conclude that the trial court's refusal to award child support is not clearly erroneous.[5]

After entry of judgment, Peter moved the trial court to "alter, amend or modify" the judgment "pursuant to Rule 59(j) and Rule 60(b)," N.D.R.Civ.P. Peter contends that the trial court abused its discretion in denying his motion.

The basis for Peter's motion was his contention that the monthly payments he was ordered to make were excessive. We have previously discussed the merits of this argument. We conclude that Peter has

shown no abuse of discretion by the court in denying his motion.

▮ Bonita contends that Peter's appeal is frivolous and that she is therefore entitled to an award of costs and attorney's fees pursuant to Rule 38, N.D.R.App.P. We conclude that Peter's appeal is not frivolous, and an award under Rule 38 would be inappropriate.

We modify the judgment to reflect an equal division of property and, as so modified, we affirm. Costs on appeal are assessed against Peter.

ERICKSTAD, C.J., LEVINE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of MESCHKE, J., disqualified.

---

5. We further note that Bonita is in effect providing "child support" to the extent that Peter and the children are allowed to live in the family home rent free until the youngest child reaches the age of majority in 1990. Bonita thus is deprived of her one-half share of the equity in the home until that time.