Joan C. STROSCHEIN, Plaintiff and Appellee,

v.

Larry A. STROSCHEIN, Defendant and Appellant.

Civ. No. 11088.

Supreme Court of North Dakota.

July 16, 1986.

---

Judith E. Howard, of Farhart, Lian, Maxson, Howard & Sorensen, Minot, for plaintiff and appellee.

Russel G. Robinson (argued), and Donald L. Peterson, of McGee, Hankla, Backes & Wheeler, Minot, for defendant and appellant.

VANDE WALLE, Justice.

Larry Stroschein appeals from a district court judgment which dissolved his marriage to Joan Stroschein, divided the marital property, awarded custody of the parties' minor children to Joan, and provided for spousal and child support. We affirm and remand for consideration of Joan's request for attorney fees on appeal.

Joan commenced this divorce action by service of a summons, a complaint, and an ex parte temporary adult-abuse protection order pursuant to Section 14-07.1-02, N.D.C.C. A hearing before Judge Kerian was held on July 18, 1984, and the court entered an interim order excluding Larry from the family home, granting temporary custody of the minor children to Joan, and requiring Larry to pay temporary support of $1,200 per month. In addition, the order required Larry to pay Joan's attorney fees and maintain health-insurance coverage for Joan and the children, and provided for the use of proceeds from income-producing property and for the sale of hay and real estate owned by the parties.

After trial, Joan was awarded custody of the two minor children, and Larry was ordered to pay $500 per month child support and $600 per month for three years as spousal support. The court awarded Joan property which she had inherited, and awarded Larry a coin collection which he had inherited. The remaining assets were divided between the parties, and Joan was awarded one-half of Larry's military retirement pay.

Larry has appealed, raising the following issues:

(1) Was Larry entitled to a change of judge?

(2) Did the trial court abuse its discretion in failing to order a Rule 35 examination?

(3) Were the trial court's property division and award of spousal support clearly erroneous?

I

Larry contends that he was denied his statutory right to a change of judge pursuant to Section 29-15-21, N.D.C.C. After the interim order had been entered, Larry received notification that the case had been assigned to Judge Kerian. Larry filed a demand for change of judge, and the presiding judge of the district ordered a change of judge. Upon being informed by Joan's counsel that Judge Kerian had presided at the July 18 hearing and had issued the interim order, the presiding judge issued an order invalidating his prior order.

Section 29-15-21, N.D.C.C., permits a change of judge upon timely demand. Subsection 3 thereof provides:

"3. ... In any event, no demand for a change of judge may be made after the judge sought to be disqualified has ruled upon any matter pertain-

ing to the action or proceeding in which the demanding party was heard or had an opportunity to be heard. Any proceeding to modify an order for alimony, property division, or child support pursuant to section 14–05–24 or an order for child custody pursuant to section 14–05–22 shall be considered a proceeding separate from the original action and the fact that the judge sought to be disqualified made any ruling in the original action shall not bar a demand for a change of judge."

■ The plain language of the statute precludes a demand for a change of judge once the judge has ruled upon any matter pertaining to the action or proceeding in which the demanding party was heard. Larry alleges that the July 18 hearing and resulting interim order were not part of the divorce proceeding, but pertained only to the adult-abuse proceeding under Chapter 14–07.1, N.D.C.C. The hearing and resulting order, however, go well beyond the confines of the adult-abuse procedure. The order provided for the sale of bales of hay, the sale of realty, and the use of proceeds from income-producing property. We conclude that Judge Kerian had indeed ruled on matters pertaining to the divorce action.

Larry contends that subsection 3 of Section 29–15–21 provides for an exception in domestic-relations cases:

"Any proceeding to modify an order for alimony, property division, or child support pursuant to section 14–05–24 or an order for child custody pursuant to section 14–05–22 shall be considered a proceeding separate from the original action and the fact that the judge sought to be disqualified made any ruling in the original action shall not bar a demand for a change of judge."

This provision clearly applies only to a proceeding to *modify* an order after the original action has been concluded. It has no application to an interim order made prior to trial in a pending divorce action.

Larry further alleges that Judge Kerian ruled on the validity of the demand, in violation of Section 29–15–21(6), N.D.C.C. Although there is correspondence in the record which might indicate confusion over the procedure invoked, it is clear that the presiding judge issued an order invalidating his prior order for change of judge and any confusion concerning procedure which may have occurred thereafter is not sufficient error to require reversal. Larry was not entitled to a change of judge upon demand, and the presiding judge correctly invalidated his prior order.

## II

■ Larry contends that the trial court erred in failing to order Joan to submit to a mental examination pursuant to Rule 35, N.D.R.Civ.P. We have recognized that Rule 35 vests a wide discretion in the trial court in determining whether to require an examination. See *Lucke v. Lucke*, 300 N.W.2d 231 (N.D.1980). We find no abuse of discretion in the trial court's failure to order a Rule 35 examination.

## III

■ Larry challenges the trial court's division of property and award of spousal support, claiming that the trial court's findings of fact are clearly erroneous and were induced by an erroneous view of the law. A trial court's findings on matters of property division and spousal support will not be set aside on appeal unless clearly erroneous. *Hugret v. Hugret*, 386 N.W.2d 26 (N.D.1986). A finding of fact will be deemed clearly erroneous only when we are left with a definite and firm conviction that a mistake has been made. *Hugret, supra.* We have thoroughly reviewed the record in light of the contentions made by Larry and we are not left with a definite and firm conviction that a mistake has been made, nor are we convinced that the findings were induced by an erroneous view of the law.

Joan requests that we award her attorney fees on appeal. Although this Court and the trial court have concurrent jurisdic-

tion to award attorney fees on appeal, we have expressed our preference that the initial determination be made by the trial court. *E.g., Broderson v. Broderson,* 374 N.W.2d 76 (N.D.1985). Accordingly, the judgment of the district court is affirmed and the case is remanded to the district court for consideration of Joan's request for attorney fees on appeal.

ERICKSTAD, C.J., and GIERKE, MESCHKE and LEVINE, JJ., concur.