Mike A. FLECK, Plaintiff and Appellee,

v.

Regina K. FLECK, now Regina K. Henne, Defendant and Appellant.

Civ. No. 10323.

Supreme Court of North Dakota.

Aug. 4, 1983.

Floyd B. Sperry [argued], of Sperry & Erickson, Bismarck, for defendant and appellant.

A. William Lucas [argued], of Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for plaintiff and appellee.

PAULSON, Justice.

This is an appeal by Regina K. Fleck, now Regina K. Henne [Regina], from an order of the District Court of Burleigh County denying her motion for relief from a judgment in a divorce case. We affirm.

In May of 1981, Mike A. Fleck [Mike] sought a divorce from his wife of 31 years, Regina. Mike contacted a lawyer to start the divorce action and asked that he send a proposed property settlement agreement to his wife, Regina. In a letter from Mike's lawyer to Regina dated May 27, 1981, which accompanied a copy of the proposed property settlement agreement, Regina was asked to examine the agreement and if it was set forth in accordance with Mike's and Regina's wishes, to call and make an appointment so that the property settlement agreement could be signed. The letter further indicated that Mike's lawyer would explain to Regina the property settlement agreement and the procedures for a divorce. The letter concluded with a statement that Regina was "of course, welcome to take this agreement to an attorney of your choice should you wish to do so". Regina did not seek the advice of another attorney.

Regina and Mike went to the law office of Mike's attorney on July 20, 1981. In an affidavit, Mike's attorney stated that during this conference he again indicated to Regina that she was free to contact her own lawyer for representation and he further asked her if she had any questions concerning the action. Both Regina and Mike signed the property settlement agreement at that time.

The property settlement agreement provides that Mike, who is a trucker, was to receive a 1977 International Tractor and Wilson trailer; a 1978 Jeep pickup; an adding machine; a "file cabinet-safe combination"; one-half interest in a snow blower; a life insurance policy; a savings account and a personal checking account; and personal items including his clothing.

Regina, who was at that time employed in the laundry department of a Bismarck hospital, received by way of the agreement a 1977 New Yorker automobile; all furni-

ture and fixtures in the personal residence of the parties; her personal checking account and employee benefits; and her clothing and personal items.

The agreement also provides as follows:

"4.

"That the defendant Regina K. Fleck shall have the right to live in the personal residence of the parties ... for a period of ten years from entry of the divorce judgment herein, or until such sooner time that she may remarry or enter into a cohabitation arrangement with a member of the opposite sex in said personal residence. During the time that the defendant shall live in the personal residence of the parties, the defendant shall make all mortgage payments, tax payments, insurance payments, utility payments, and other expenses of the home. Major repairs, defined as those exceeding $100.00 shall be shared equally by the parties hereto upon prior approval of the plaintiff.

"Upon the expiration of ten years from the date of entry of judgment herein, or upon the defendant remarrying, or upon the defendant entering into a cohabitation arrangement with a member of the opposite sex within the personal residence of the parties, the personal residence of the parties shall be listed for sale at a price to be agreed upon by the parties, and if the parties cannot agree on a sale price, that an appraiser selected by the parties shall appraise the property and the property shall be listed for sale at a price set by the appraisal. Upon the sale of the personal residence, the mortgage shall be paid, all closing costs and sale costs shall be paid, and the balance remaining thereafter shall be divided equally between the parties."

The agreement also provided that Mike could proceed with the divorce action as a default matter and that Regina expressly waived any further requirement of notice prior to the entry of a default judgment against her.

A hearing on the divorce action was held on September 4, 1981. Regina was not notified of the hearing, although Mike and his attorney claimed that an attempt was made to do so. Mike testified that he and Regina entered into the agreement for the division of the property and that Regina signed such agreement. Mike also testified that he had discussed the proposed property division with Regina and that she was agreeable to it. Mike further testified that they had discussed the matter of Regina living in the home for ten years and then the home being sold and the equity equally divided, and that this provision was also agreeable to both parties.

At the close of the hearing, the trial judge granted the divorce and stated that he had reviewed the provisions of the property settlement agreement and found that they were "an adequate and satisfactory disposition of the rights and obligations of the parties, particularly as it pertains to the division of the property and their obligations for support". The court further noted the provision of the agreement whereby Regina agreed that the divorce would proceed as a default matter and that she expressly waived notice prior to any default judgment being entered. The court adopted the agreement as part of its order for judgment.

The findings of fact, conclusions of law, order for judgment, and the judgment were entered on the same date as that of the hearing, and Mike's attorney sent Regina a copy of the divorce judgment.

Both Mike and Regina have remarried since entry of the divorce judgment. Upon learning of Regina's remarriage, Mike informed her that the house should be sold and the equity divided pursuant to the provision in the property settlement agreement. On August 30, 1982, Regina brought a motion to "reopen, vacate and set aside findings, conclusions, order and judgment" on the grounds that the court's findings of fact do not comply with Rule 52(a) of the North Dakota Rules of Civil Procedure and because of "mistake, inadvertence, surprise, and excusable neglect".

In an affidavit submitted with her motion, Regina admitted signing the property

settlement agreement, but added that she had been asked to accompany Mike to the attorney's office, and "had no understanding of what her legal rights were, did not inquire in regard thereto, and assumed that she could do nothing about a defense, as to the property settlement agreement, until she did seek advice, and which was done after her remarriage". Regina also alleges that Mike is a "man of experience", running a "substantial trucking business", while she "only attended a country school, through the 7th grade", and had never before been in a lawyer's office or been involved in a lawsuit.

Regina further alleges that she did not understand what was meant by some of the terminology in the agreement that she signed, and that, at the office of. Mike's lawyer, she was "hastily shown some papers, which she did not read or understand, not knowing what her rights were, nor what the value of the property of the parties amounted to, and because of this lack of knowledge, believes that she suffered from inadvertence, surprise, mutual mistake, and excusable neglect for which reason the judgment entered in this action should be re-opened".

Mike denied in an affidavit that he had taken advantage of Regina's lack of education or experience, stating that his education and experience is "virtually the same" as that of Regina's. He also stated that during the time the parties were negotiating their property settlement agreement Regina "refused to talk to him and refused to discuss property division, and made very few inquiries concerning the division of property". Mike added that he believed the division of property was "fair and equitable".

In an order dated October 5, 1982, the district court denied Regina's motion on the grounds that her motion was not timely, "having been filed very near the end of one year from the date of the entry of judgment", and that there was "insufficient

proof by affidavit or testimony to establish the grounds" set forth in Rule 60(b), N.D.R. Civ.P.

The major issue raised by Regina in her appeal is whether or not the district court erred in denying her motion for relief from judgment.

Regina relies upon subsections i, ii, and iii, of Rule 60(b), N.D.R.Civ.P.[1], which provide:

"(b) Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence —Fraud—Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; . . ."

The function of this court in reviewing a trial court's denial of a motion to set aside a regularly entered judgment is not to determine if the trial court was substantively correct in entering the judgment from which relief is sought, but is to determine if the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established. *Dvorak v. Dvorak,* 329 N.W.2d 868, 870 (N.D.1983); *Bridgeford v. Bridgeford,* 281 N.W.2d 583, 586 (N.D. 1979); *Small v. Burleigh County,* 239 N.W.2d 823, 828 (N.D.1976). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Dvorak, supra; Coulter v. Coulter,* 328 N.W.2d 232, 238 (N.D.1982). An abuse of discretion on the part of the trial court is never assumed, but must be affirmatively established. *Dvorak, supra.*

1. During oral arguments before this court, Regina's counsel abandoned Rule 60(b)(vi), N.D.R.

Civ.P., as an additional ground for relief.

Our court, in *Harchenko v. Harchenko,* 77 N.D. 289, 43 N.W.2d 200 (1950), held in paragraphs 1 and 2 of the syllabus:

"1. A judgment, entered pursuant to the stipulation of the parties to an action, is as effective an adjudication of the issues in the case as one entered upon an actual trial of such issues.

"2. Where the trial court had jurisdiction of the subject matter and the parties to an action, the judgment entered in such action may not be attacked collaterally by any of the parties thereto, or by those in privity with them."

*See also Bridgeford, supra* 281 N.W.2d at 587; *Rummel v. Rummel,* 234 N.W.2d 848, 851 (N.D.1975).

We have also held that where a judgment is entered pursuant to a contractual stipulation, the party challenging the judgment has an additional burden of showing that under the law of contracts [Title 9, N.D.C. C.], there is justification for setting the contract aside. *Jostad v. Jostad,* 285 N.W.2d 583, 586 (N.D.1979); *Galloway v. Galloway,* 281 N.W.2d 804, 805 (N.D.1979); *Lawrence v. Lawrence,* 217 N.W.2d 792, 796 (N.D.1974).

■ We have carefully reviewed the evidence in this case and conclude that the trial court did not abuse its discretion in denying Regina's motion for relief from judgment. Regina simply has not met her burden of showing mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party to

bring her within the requirements of Rule 60(b), N.D.R.Civ.P. A mere recitation of the grounds set forth to Rule 60(b), N.D.R. Civ.P., without specific details underlying such assertions, is not sufficient to afford relief.

■ It is difficult to ascertain the factual basis for Regina's motion. However, if Regina is arguing that she is entitled to relief because she was not represented by an attorney at the time she entered into the property settlement agreement with Mike, our court has indicated in the past that the fact that a party is not represented by counsel at the time he or she enters into a written stipulation dividing the property of the marriage, in and of itself, is not sufficient justification for relief under Rule 60(b), N.D.R.Civ.P. *Jostad, supra* 285 N.W.2d at 585–586; *Bridgeford, supra* 281 N.W.2d at 588.

■ Regina appears to argue that there are adequate grounds in this case for rescission of the property settlement agreement pursuant to Chapter 9–09, N.D.C.C. We disagree. Regina's affidavit does not reveal that she was in any way incompetent to deal with her affairs or that she was misled or imposed upon by anyone.[2] The fact that Regina may have "only attended a country school, through the 7th grade", is clearly insufficient to establish her as incompetent to deal with her affairs at the time she entered into the property settlement agreement.

2. In her affidavit, Regina stated that since the divorce judgment was entered, she has "learned that the truck and trailer, described in the judgment, were worth approximately $70, 000, and that the rest of the property received by ... [Mike], had a value in excess of $10, 000".

In his affidavit, Mike responds as follows: "2. That at the time of the divorce judgment, affiant was the owner of a 1977 International Tri Star tractor and a 1977 Wilson trailer; affiant estimates the value of the tractor at that time to be $17,000.00 and the value of the trailer at that time to be $5,000.00. Also at that time, in September of 1981, there was a secured loan against the tractor in the amount of $7,000.00 and a

secured loan against the trailer in the amount of $3,500.00.

"3. That on June 9, 1982, affiant traded the tractor in on a 1981 International F4370 Eagle tractor with a purchase price of $75, 000.00, and was given a trade-in allowance for the 1977 International tractor of $25, 000.00. That prior to the trade, affiant had overhauled the tractor at the cost of $4,157.57. Affiant believes that the trade-in value given to him on June 9, 1982, of $25, 000.00, does not accurately reflect the value of the tractor in September of 1981, both because of the overhaul referred to above, and also the fact that trade-in values are often inflated because of the inflated purchase price of the vehicle being purchased."

■ The record reflects that Regina was informed in a letter which accompanied a copy of the property settlement agreement, and in person by Mike's attorney seven weeks later, that she was free to have the agreement reviewed by an attorney of her choice. Regina chose not to do so and, instead, signed the agreement during a conference with Mike and his lawyer. Rule 60(b), N.D.R.Civ.P., is not to be used to relieve a party from free, calculated, and deliberate choices he or she has made. *E.g., Schnell v. Schnell,* 252 N.W.2d 14, 17 (N.D. 1977); *City of Wahpeton v. Drake-Henne, Inc.,* 228 N.W.2d 324, 330 (N.D.1975); *Hefty v. Aldrich,* 220 N.W.2d 840, 846 (N.D.1974).

We therefore conclude that the trial court did not abuse its discretion in denying Regina's motion for relief from judgment.[3]

Regina also argues that the trial court erred in failing to include in the divorce judgment any findings of fact pertaining to the fault of the parties, or the values of the property, or the equities of the parties, which she asserts is required by Rule 52(a), N.D.R.Civ.P.[4] Regina similarly argues that the trial court erred in failing to issue a memorandum opinion and ordering that the property settlement agreement be made part of the judgment.

Rule 52(a), N.D.R.Civ.P., provides that in actions "tried upon the facts without a jury ... the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment". Our court has indicated that " 'whenever decision of a matter requires the court to resolve conflicting versions of the facts, findings are desirable and ought to be made' ". *Reub's Minot Camera, Inc. v. General Elec. Cr. Corp.,* 209 N.W.2d 635, 638 (N.D.1973) [quoting from Wright & Miller, Federal Practice and Procedure: Civil § 2575, at page 694 (1971) ]. We further note that Rule 8.3 of the North Dakota Rules of Court provides that "In all *contested* divorce cases the parties and their attorneys, prior to trial, shall jointly prepare a complete listing of their property and debts [emphasis added]".

■ The problem with Regina's argument is that the divorce was not contested and there were no conflicting versions of the facts in regard to the division of property. The parties had reached an agreement on all of the matters pertaining to the division of their property, and thus there was no reason for the court to hear evidence of fault[5] or of the values of the property.[6] To adopt Regina's reasoning

---

3. Because we have concluded that the trial court did not abuse its discretion in this case in that Regina failed to meet her burden of proof, we need not consider whether or not Regina's motion was made "within a reasonable time, ... not more than one year after the judgment or order was entered in the action or proceeding". Rule 60(b), N.D.R.Civ.P.

4. In its findings of fact, conclusions of law, and order for judgment, the trial court made the following findings of fact:

"1.

"That plaintiff and defendant were married to each other on October 25, 1949, at Glen Ullin, North Dakota, and have ever since that time been and now are husband and wife.

"2.

"That the parties are both citizens of the United States, and that the plaintiff is now and has been for more than one year prior to the commencement of this action, a bona fide citizen and resident of the State of North Dakota, residing in the County of Burleigh.

"3.

"That no children have been born to the parties of this marriage.

"4.

That irreconcilable differences exist between the parties which have destroyed the aims and purposes of matrimony.

"5.

"That the parties have acquired certain items of real and personal property during the period of their marriage."

5. Although evidence of fault may be considered by the trial court in regard to the division of property in a divorce case, *e.g., Mees v. Mees,* 325 N.W.2d 207, 208 (N.D.1982); *Rust v. Rust,* 321 N.W.2d 504, 506 (N.D.1982), in determining a divorce action on irreconcilable differences, the court need only find that irreconcilable differences exist and is not required to inquire into the fault of the parties. *E.g., Rummel v. Rummel,* 265 N.W.2d 230, 234 (N.D.1978).

6. Regina relies upon *Rummel v. Rummel,* 265 N.W.2d 230 (N.D.1978), and *Muhlhauser v. Becker,* 74 N.D. 90, 20 N.W.2d 364 (1945), for the proposition that the trial court erred in failing to issue a memorandum opinion or findings of fact pertaining to the division of proper-

would result in rendering nugatory all attempts at amicable out-of-court agreements concerning division of property in divorce cases. This court has stated that "The peaceful settlements of disputes, including divorce actions, are to be encouraged". *Peterson v. Peterson,* 313 N.W.2d 743, 745 (N.D.1981).

As noted earlier herein, the trial court indicated that it had reviewed the provisions of the property settlement and found its provisions to be an "adequate and satisfactory disposition of the rights and obligations of the parties". The court then adopted the property settlement agreement as part of its judgment. We conclude that the trial court did not err in doing so.

Finally, Regina claims that the trial court, at the time the judgment of divorce was entered, erred in failing to fix a time in which the parties could remarry. Section 14–05–02, N.D.C.C., provides in part relevant to the instant case that "It shall be the duty of the court granting a divorce to specify in the order for judgment whether either or both of the parties shall be permitted to marry, and if so, when". Both Regina and Mike have remarried since the divorce was granted in this case. Regina's counsel, in his brief, states that "this leaves Mike and Regina in a position where they will have to go through new marriages, for their future requirements".

We agree with the trial court's disposition of this issue. In its Memorandum on Motion and Order, the trial court stated:

"The answer is that this has not prejudiced the defendant. She has already remarried without court permission. It would be a redundancy to set aside or modify the judgment to permit her to remarry when she has already done so."

For the reasons stated in this opinion, the order of the District Court is affirmed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

---

ty. Both *Rummel* and *Muhlhauser* are distinguishable because they were contested cases in which the facts were in dispute. In the instant case, there was no dispute as to the division of property at the time of the divorce.