**Agnes WOLFE, Plaintiff and Appellee,**

v.

**Edward V. WOLFE, Defendant and Appellant.**

**Civ. No. 11050.**

Supreme Court of North Dakota.

July 23, 1986.

Mackoff, Kellogg, Kirby & Kloster, Dickinson, for plaintiff and appellee; argued by Paul A. Kloster.

Greenwood, Greenwood & Greenwood, Dickinson, for defendant and appellant; argued by Brenda L. Selinger.

ERICKSTAD, Chief Justice.

Edward V. Wolfe appeals from a judgment granting Agnes Wolfe a divorce from him. He also appeals from an order which denied his request for relief from the judgment under Rule 60(b)(vi), N.D.R.Civ.P. We affirm and remand for consideration of Agnes' request for attorney fees on appeal.

Edward and Agnes were married in 1953. At the time of these proceedings, Edward was 52 years old and was employed by the Burlington Northern Railroad Company. Agnes was 49 years old and had not been employed outside of the home for several years. Their three children have reached the age of majority. During early June 1985, Edward and Agnes entered into an "Agreement for Spousal Support, Property Settlement, and Settlement" which was drafted by Agnes' attorney. Edward was not represented by counsel at the time.

The settlement agreement's provision on the division of marital property awarded to Agnes her clothing and personal effects; the household goods and furnishings; the home of the parties; a Lincoln automobile; certain mineral interests; a garden tractor; an Airstream travel trailer; and all future "Tier II" railroad retirement benefits. The agreement also provided that Edward would pay Agnes $1,400 per month "[a]s and for additional property division and by way of spousal support...." The agreement awarded Edward his clothing and personal effects; a Jeep Wagoneer; all future "Tier I" railroad retirement benefits; and all other property of the parties except that awarded to Agnes.

The agreement further provided that Edward would pay all existing debts of the parties. Edward's other obligations under the agreement included payments on three mortgages against the home; payments remaining on the automobiles, the garden tractor, and the travel trailer; unpaid real estate taxes; the cost of new dentures for Agnes; and the maintenance of certain life insurance policies. The agreement also provided that Edward would pay $150 per month to the parties' son until he finished college, and that he would pay Agnes $1,000 for attorney fees incurred in the divorce proceeding. The agreement specified that it "shall constitute the full and final division of the marital property accumulated by the parties during the course of this marriage" and authorized Agnes to proceed with the divorce as a default matter and to seek to have the agreement incorporated in the divorce judgment.

Prior to the divorce proceeding, Edward executed a handwritten document, which he had had notarized, stating that the Jeep Wagoneer, specified in the agreement to be his property, should be included in Agnes' property.

The divorce hearing was held on June 6, 1985. Edward made no appearance. The district court granted Agnes the divorce and determined that the parties' agreement was "fair and equitable." The court incorporated the agreement, as amended by Edward, into the divorce judgment.

On July 3, 1985, Agnes brought a motion for an order to show cause why Edward should not be held in contempt for failing to comply with the terms and conditions of the divorce judgment. Agnes alleged that Edward had failed to pay the $1,400 per month designated in the agreement as additional property division and spousal support, that he had failed to pay the $1,000 in attorney fees, and that he had failed to make the payments due on loans secured by mortgages on the home and two automobiles. Edward, now represented by counsel, responded with a "Motion to Amend Judgment" seeking an order, pursuant to Rule 60(b)(vi), N.D.R.Civ.P.,

amending the divorce judgment "due to the impossibility of compliance." Edward's motion proposed a total revamping of the settlement agreement and divorce judgment whereby all of the real and personal property of the parties would be sold and the proceeds divided equally after satisfaction of the mortgages and secured loans. Edward also proposed that, as additional property division and spousal support, he would pay Agnes "one-half of his net income received." The district court denied Edward's motion concluding that he had not shown sufficient grounds for relief under Rule 60(b)(vi), N.D.R.Civ.P., and found him in civil contempt of court. Edward thereafter filed this appeal both from the divorce judgment and from the order of civil contempt.[1]

In his appeal from the divorce judgment, Edward asserts that the district court erred in accepting the parties' settlement agreement and finding that it was "fair and equitable."

■ The public policy of this state favors the prompt and peaceful resolution of disputes in divorce matters. *See Fleck v. Fleck*, 337 N.W.2d 786, 792 (N.D.1983); *Peterson v. Peterson*, 313 N.W.2d 743, 745 (N.D.1981); *Galloway v. Galloway*, 281 N.W.2d 804, 807 (N.D.1979). In recognition of this public policy and the right of a husband and wife to contract with each other, we held in *Peterson, supra*, that a court's authority to make a just and equitable distribution of property under § 14–05–24, N.D.C.C., does not allow the court to rewrite a valid written separation agreement absent statutory grounds for rescission under Chapter 9–09, N.D.C.C. Thus, to the extent that competent parties have voluntarily stipulated to a particular disposition of their marital property, a court ordinarily should not decree a distribution of property that is inconsistent with the parties' contract. *Peterson, supra*, 313 N.W.2d at 744.

■ During the divorce hearing, Agnes testified that while they were discussing the possibility of a divorce, Edward informed her that if she did not hurry he would retain his own lawyer to complete the divorce. She testified that Edward requested that she have the necessary papers drawn up to accomplish the divorce. Edward received the settlement agreement three days before the hearing, and he returned it to Agnes signed and notarized on the morning of the hearing. In the document, Edward acknowledged that he had ample opportunity to consult legal counsel, that he possessed adequate information on all aspects of the agreement, that he entered into it freely and voluntarily, and that no undue influence or duress had been exercised upon him. Edward also delivered to Agnes deeds, and a bill of sale, all of which were signed and notarized. Edward gave to Agnes his handwritten and notarized amendment to the settlement agreement which stated "On page 5. Item (ii). 1979 One Jeep Wagoneer bearing serial no. J9A15NN094206. To be included in on page 2 under item (A.), To Wife." Edward had also given Agnes a handwritten note, received in evidence, which stated:

"If any Bills are paid by Agnes which are mine including the $1,000 to the Lawyer I will sue her for destroying my credibility as a wage earner and Defameing (sic) my character also if one of my checks is touched in any way there will only be one more."

Evidence was introduced which established that Edward's 1984 annual salary was more than $66,500. Although Edward's salary varied because of the nature of his job, there was nothing to indicate that his salary would "be any different in any significant way than in 1984...." The record discloses that Agnes required $1,400 to meet her fixed monthly expenses. Although Edward's monthly obligations on the home mortgages and other loans totalled approximately $2,300, Agnes expressed a willingness to sell the tractor,

---

1. Edward does not challenge on appeal the trial court's determination that he was in civil contempt of court, but attacks only that part of the trial court's order which denied his request for relief under Rule 60(b)(vi), N.D.R.Civ.P.

trailer and one of the vehicles to satisfy $1,100 of that amount. The evidence available to the trial court at the time of the divorce hearing indicated an ability on Edward's part to perform according to the terms of the settlement agreement.

Edward asserts that the trial court had a "duty" to conduct a further investigation of the terms of the agreement and other circumstances to determine if the agreement was objectively "fair and equitable." We rejected a somewhat similar argument in *Fleck, supra,* 337 N.W.2d at 791–792. In *Fleck* the appellant contended that the trial court, which had ordered that the terms of a property settlement agreement be incorporated in the divorce judgment, erred in failing to make any findings of fact pertaining to the fault or equities of the parties, or to the values of the marital property. We stated:

> "The problem with ... [appellant's] argument is that the divorce was not contested and there were no conflicting versions of the facts in regard to the division of property. The parties had reached an agreement on all of the matters pertaining to the division of their property, and thus there was no reason for the court to hear evidence of fault or of the values of the property. To adopt ... [appellant's] reasoning would result in rendering nugatory all attempts at amicable out-of-court agreements concerning division of property in divorce cases." [Footnotes omitted.]

*Fleck, supra.* See also *Peterson, supra,* 313 N.W.2d at 745 n. 5.

During the divorce hearing, the trial court found that Edward understood the terms of the agreement, that no undue influence was exerted upon him, and that he signed the agreement of his own free will. Based upon the record of that hearing, we conclude that the district court did not err in accepting the settlement agreement and incorporating it into the divorce judgment.

■ Edward asserts that the trial court erred in denying his request for relief from the divorce judgment under Rule 60(b)(vi),

N.D.R.Civ.P. Except under subdivision (iv) of Rule 60(b), the function of this court in reviewing a trial court's denial of a motion to set aside a regularly entered judgment under Rule 60(b), N.D.R.Civ.P., is not to determine if the trial court was substantively correct in entering the judgment from which relief is sought, but is to determine if the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not established. *First National Bank of Crosby v. Bjorgen,* 389 N.W.2d 789, 794 (N.D.1986). *Fleck, supra,* 337 N.W.2d at 789. A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Fleck, supra; Dvorak v. Dvorak,* 329 N.W.2d 868, 870 (N.D.1983). When Rule 60(b)(vi) alone is relied upon to obtain relief, "something more or extraordinary justifying relief from the operation of the judgment or order" beyond the grounds set forth in subdivisions (i) through (v) of the rule must be present. *Bjorgen, supra,* 389 N.W.2d at 796; *Small v. Burleigh County,* 239 N.W.2d 823, 828 (N.D.1976); *Hefty v. Aldrich,* 220 N.W.2d 840, 846 (N.D.1974). Where the judgment sought to be set aside has been entered pursuant to a contractual stipulation, the party challenging the judgment on Rule 60(b) grounds has the additional burden of showing that under the law of contracts there is justification for setting the contract aside. *Fleck, supra,* 337 N.W.2d at 790; *Jostad v. Jostad,* 285 N.W.2d 583, 586 (N.D.1979).

■ Edward's Rule 60(b)(vi) motion, captioned as a "Motion to Amend Judgment," cited "impossibility of compliance" as his ground for relief. In an affidavit accompanying the motion, Edward stated:

> "The Judgment as entered is impossible for Affiant to comply with. Affiant's income has declined significantly since the time the divorce proceeding was initiated. The provisions of the Settlement Agreement were based on the annual salary of $66,500.00. Affiant is currently earning an annual salary of approximately $48,000.00. Therefore, making it

impossible for the Affiant to fully comply with the Judgment as entered."

We note, as did the trial court, that Edward has not alleged that the judgment should be amended because of mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, or other misconduct on the part of Agnes, nor is he claiming his consent to the agreement was given by mistake or obtained through duress, menace, fraud, or undue influence.[2] While Edward's claim of "impossibility of compliance" due to a reduction in his salary might arguably support a motion under § 14–05–24, N.D.C.C., seeking a modification of the spousal support provision of the divorce judgment, *e.g.*, *Cook v. Cook*, 364 N.W.2d 74, 76 (N.D.1985), we cannot say that the trial court abused its discretion in refusing to apply Rule 60(b)(vi) so as to vacate the divorce judgment in its entirety and, in its stead, adopt Edward's proposal for property distribution.

Agnes requests that we award her costs and attorney fees for this appeal. Rule 38, N.D.R.App.P., allows this court to award costs and attorney fees upon a determination that the appeal is frivolous, or that a party has been dilatory in prosecuting the appeal. Agnes has not established that either of these conditions are present in this case. However, § 14–05–23, N.D.C.C. also allows an award of attorney fees in a divorce action. Although this court and the trial court have concurrent jurisdiction to award attorney fees on appeal, we prefer that the initial determination be made by the trial court. *E.g., Stroschein v. Stroschein*, 390 N.W.2d 547, 549 (N.D.

1986); *Brodersen v. Brodersen*, 374 N.W.2d 76, 80 (N.D.1985).

Accordingly, the judgment and order denying Edward's motion for relief from the judgment are affirmed and the case is remanded to the district court for consideration of Agnes' request for attorney fees on appeal.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

LEVINE, Justice, concurring specially.

While I join in both the rationale and the result of the majority opinion I add this recommendation. Because the trial court has no knowledge about a case as it winds its way through the appellate process, the question arises whether this Court should not simply go ahead and award attorney's fees on appeal. Yet, this Court is not an evidence-gathering entity so that receiving affidavits and/or holding hearings on the issue of attorney's fees on appeal seems to run counter to our usual appellate role. If there is any interest in this issue on the part of the bench and bar, I suggest that it be brought before the Joint Procedure Committee for its study and recommendation to this Court.

---

**2.** After judgment was entered denying Edward's motion to amend the judgment on Rule 60(b)(vi), N.D.R.Civ.P., grounds, he filed with the court a "Motion to Reconsider and Amend Judgment." In his motion to reconsider, Edward contended that the divorce judgment should be amended because, among other things, he was not represented by legal counsel during the divorce proceedings and he "mistakenly believed" the settlement agreement "was a mere listing of the marital property and debts owed by the parties." Before the district court had an opportunity to rule on the motion to reconsider, Edward filed this appeal. As a result, the district court declined to consider the motion. *E.g., Harwood v. Harwood,* 283 N.W.2d 144, 145 (N.D.1979). Accordingly, the additional grounds set forth in Edward's motion to reconsider are not before us in this appeal.

We also note that Edward has attempted to challenge numerous post-appeal rulings of the district court relating to Agnes' motions for interim support pending the appeal. However, Edward has not appealed from those rulings and therefore those questions he raises also are not properly before us.