**Barbara HILL, Plaintiff and Appellee,**

v.

**Raymond C. HILL, Defendant and Appellant.**

**No. 11154.**

Supreme Court of North Dakota.

Aug. 20, 1986.

Lundberg, Nodland, Lucas & Schulz, Bismarck, for plaintiff and appellee; argued by Timothy D. Lervick.

Eaton, Van de Streek & Ward, Minot, for defendant and appellant; argued by Michael Ward.

GIERKE, Justice.

The appellant, Raymond C. Hill, appeals from the district court's denial of his motion for a new trial, amendment of judgment, or relief from judgment in a separate action. We affirm.

Raymond C. Hill [Raymond] and Barbara J. Hill [Barbara] were married on June 8, 1942. On the morning of September 24, 1985, Barbara consulted with her attorney about obtaining a legal separation from Raymond. Later that day, Barbara met with Raymond and discussed a legal separation and a proposed property settlement with him. She also made an appointment for her and Raymond to meet with her attorney at 4 p.m. that same day.

Raymond, Barbara, and the attorney met for approximately 30 minutes. During this meeting the attorney took notes on the proposed settlement and from these notes drafted a separation agreement, summons, complaint, and admission of service. The parties were informed that a hearing would be scheduled for September 30, 1985. The summons and complaint were filed on September 25, 1985.

On September 30, 1985, prior to the hearing, Raymond was given the proposed settlement agreement to read. After some last minute changes were made and both

parties were satisfied, the documents were signed.

At the hearing, Raymond testified that he understood the nature of the agreement, that he consented to the court's entry of judgment in the separation agreement, that he understood the terms of the agreement, and that he had signed the agreement. Upon further questioning by the court, Raymond testified that he had not consulted with an attorney but that he had read the agreement and was familiar with its terms. The trial court's judgment was filed on September 30, 1985.

On October 9, 1985, Raymond filed a motion for a new trial or for relief from judgment pursuant to Rules 59 and 60, North Dakota Rules of Civil Procedure. These motions were denied.

The first issue raised by Raymond on appeal is whether or not the district court erred in denying his motion for relief from the divorce judgment. Raymond relies upon Rule 60(b), N.D.R.Civ.P., for the resolution of this issue.

■ On review by this Court of a trial court's denial of a motion to set aside a regularly-entered judgment we do not determine whether the trial court was substantively correct in entering the judgment from which relief is sought. Rather, we determine whether or not the trial court abused its discretion in ruling whether or not sufficient grounds for disturbing the finality of judgment were established. *Wolfe v. Wolfe*, 391 N.W.2d 617; *Fleck v. Fleck*, 337 N.W.2d 786 (N.D.1983); *Dvorak v. Dvorak*, 329 N.W.2d 868 (N.D.1983). A trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner. *Wolfe, supra; Fleck, supra.* An abuse of discretion on the part of the trial court must be affirmatively established. *Fleck, supra.*

■ Where the judgment sought to be set aside has been entered pursuant to a contractual stipulation, such as the property settlement agreement at issue, the party challenging the judgment under Rule 60(b) has the additional burden of showing that under the law of contracts there is justification for setting the contract aside. *Wolfe, supra; Fleck, supra.*

The apparent basis for Raymond's motion is that he is entitled to relief because he was mistaken in his belief that he was represented by counsel. He asserts that at the time of trial he believed the attorney present was representing both him and Barbara. He now realizes that counsel was representing only Barbara's interests. Consequently, Raymond asserts that his mistaken belief that his own interests were being protected led him to execute a property settlement agreement "on the court house steps."

Barbara informed Raymond on September 24, 1985, that she was seeking a "legal separation." She had moved from their joint residence the evening before. Later in the afternoon of September 24, she arranged an appointment with an attorney. Raymond concedes that this attorney was "normally [his] wife's attorney." She and Raymond went to the attorney to discuss the proposed property settlement. Counsel informed Raymond and Barbara that a hearing could be scheduled for September 30, 1985. As Raymond was unavailable for the interim period, a meeting was scheduled for the morning of September 30 for a pre-hearing review of the property settlement agreement.

The parties met the morning of September 30 and reviewed the drafted agreement. After this meeting, counsel returned to his office to redraft the agreement to reflect the changes as agreed to by the parties that morning. Raymond, Barbara, and counsel met again immediately before the hearing and signed the agreement.

The trial court found that Raymond made a conscious, free, and informed choice when he executed the property settlement agreement, also finding that Raymond was informed of his options, including the right to and opportunity for consultation with his own attorney. We find no evidence in the record which would support an opposite conclusion.

Raymond has been a businessman for several years. He has knowledge of the benefits which independent legal counsel can provide. This is evidenced by his later visit to counsel for the purpose of seeking advice on what changes must be made in the corporate affairs of the parties to conform to the property settlement agreement.

Further evidence in the record supports the trial court's conclusion that Raymond was aware that his interests were not being represented by counsel. During the September 24, 1985, meeting between Barbara, Raymond and counsel, Raymond was asked to step out of the room as Barbara and her attorney had certain matters to discuss privately. Raymond consented to do so. Also, Raymond was asked by the court, during the hearing, if he had consulted with an attorney before executing the agreement. Raymond replied that he had not.

■ After a review of the evidence in this case, we conclude that the trial court did not abuse its discretion in denying Raymond's motion for relief from judgment. Raymond has not met his burden of showing mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party which is necessary to bring him relief within Rule 60(b), N.D.R.Civ.P.

The second issue on appeal is whether or not the trial court abused its discretion when it denied Raymond's motion, pursuant to Rule 59(b), N.D.R.Civ.P. The motion requested a new trial for a redetermination of the property settlement and spousal support. Raymond's motion rests on his contentions that "he did not realize he was going into a divorce hearing" on September 30, and that confusion on Raymond's part as to the ownership of the cash accounts which were distributed by the property settlement agreement led to an inequitable settlement.

The granting of a new trial is within the sound discretion of the trial court and will not be reversed on appeal, unless there has been a manifest abuse of discretion.

*Lange v. Cusey*, 379 N.W.2d 775 (N.D. 1985).

■ Raymond believed the proceedings on September 30, 1985, were those necessary to obtain a "legal separation." Raymond and Barbara were granted a separation from bed and board pursuant to § 14–06–01, North Dakota Century Code, and not a divorce as Raymond later came to believe. The ramifications of a separation from bed and board and a divorce are similar in some ways, both emotionally and legally. However, we cannot conclude the trial court abused its discretion when Raymond received the decree which he expected.

Raymond further contends that he believed his name was on certain cash accounts as joint owner and did not realize that the property settlement agreement would give Barbara sole ownership of those accounts.

The property settlement agreement reads, in pertinent part:

## "II.

"COMPLETE DISCLOSURE: Each of the parties acknowledge by the execution of this agreement, that each is fully aware of the assets and liabilities of the marriage and of each other; that each has been fully advised by counsel as to the consequences of their actions and of the possibility that the Court, might, if trial were held, determine a division of property or support that is different from what they have agreed to herein, but the parties feel this agreement is fair and equitable; and each agrees to abide by the terms as set out herein.

\* \* \* \* \* \*

## "VIII.

"PERSONAL PROPERTY, HOUSEHOLD GOODS, AND BANK ACCOUNTS: The parties have divided their personal property, household goods, and bank accounts, and each party is entitled to the property which they now own separately and any property they will re-

ceive pursuant to such division. Each party hereby relinquishes all interest in personal property, household goods, and bank accounts which is now owned separately or which will be received by the other party."

The accounts which are now in question were in Barbara's name, and apparently had been for some time. The source of these accounts was, at least in part, an inheritance which Barbara received from her parents and which she and Raymond had treated as separate property. Raymond does not contend that the conduct of any other party contributed to his mistake. We conclude that the trial court did not abuse its discretion in denying Raymond's motion.

■ The final issue on appeal is Barbara's request for reimbursement from Raymond for all expenses actually incurred in contesting the motion, both on the·trial level and on appeal. We do not conclude that Raymond's claim for relief is subject to a finding that there is such a complete absence of actual fact or law that a reasonable person could not have thought a court would render judgment in his favor. *Moritz v. Medical Arts Clinic, P.C.,* 315 N.W.2d 458 (N.D.1982). Neither party shall be awarded costs on this appeal.

We accordingly affirm.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.

LEVINE, Justice, concurring specially.

This case serves as a good illustration of the need for a mandatory period of time between the execution of a property settlement agreement and a hearing on the merits.

I hazard a guess that every family law practitioner at one time or another has been confronted by a client urging speedy action, no matter what the result. If there were a mandatory waiting period, a cooling off period, in which litigants could consider what they are doing, in spite of their desire to have whatever it is they are doing simply done and over with, precipitous action would be tempered.

In Minnesota, Rule 3 of the Special Rules of Civil Practice for the Seventh Judicial District provides:

"No action for dissolution or separate maintenance shall be heard upon the merits within thirty days following service of the Summons upon the defendant."

If a comparable rule of court were in effect in our State, the Hills would have had to wait for a hearing until October 30th—thirty days after service of the summons on Mr. Hill. It is likely that, during that 30–day interim, Mr. Hill would have had the opportunity to implement his change of heart.

Local rules among district courts are to be discouraged, Rule 1.1, North Dakota Rules of Court. However, a rule of court that applies to all courts of this State, prescribing a mandatory waiting period following the execution of a voluntary property settlement agreement, is a subject meriting serious consideration by the Joint Procedure Committee. That committee, charged with responsibility for improving procedure, has the authority to recommend proposed rules of court to the Supreme Court.

While it may be impossible to protect litigants from every hazard of their naivete and impulsiveness, a rule prescribing a mandatory waiting period would mitigate the consequences of at least one hazard, precipitous conduct.

MESCHKE and VANDE WALLE, JJ., concur.