John B. SOLI, Plaintiff and Appellant,

v.

Edith F. SOLI, Defendant and Appellee.

Civ. No. 940353.

Supreme Court of North Dakota.

June 27, 1995.

John O. Moosbrugger (argued), Moosbrugger, Ohlsen, Dvorak & Carter, Grand Forks, for plaintiff and appellant.

Constance L. Triplett (argued), Triplett Law Office, Grand Forks, for defendant and appellee.

NEUMANN, Justice.

John Soli appeals the vacation of an amended judgment which had been entered pursuant to a stipulation, and from the reinstatement of the prior amended judgment. We affirm.

Edith and John Soli were married January 1953. The parties were legally separated in February 1983 pursuant to a written stipulation. At three different times the issue of property distribution between the parties has been determined by written stipulations. Because not all of the property issues were contemplated by their February 1983 judgment, a second stipulation was made in April of 1983 allowing the entry of an amended judgment.

John had severe financial problems both before and after the parties' separation, and he was abusive, both physically and verbally, towards Edith. The abuse escalated in 1991, around the time John entered an alcohol treatment program which he failed to complete. Edith obtained a temporary adult abuse protection order against John. That order eventually was made permanent. Despite the order his harassment continued, and eventually he convinced Edith to have the order vacated.

John also convinced Edith to move out of the house which had been awarded her under the preceding stipulations because, as he told her, he had lost his railroad disability payments and could no longer make the mortgage payments. He claimed the sale of the house was the only way he could continue to provide for her under the stipulated property agreement. John proceeded to present Edith with several different proposals for the readjustment of their property settlement.

After rejecting several proposals, Edith, acting without counsel, eventually agreed to one. Edith signed the third stipulation, which was incorporated into the second amended and final judgment, at John's attorney's office in July 1991. In accordance with this third stipulation, Edith deeded the marital home to John, who agreed to sell it as soon as reasonably possible. In return Edith was to receive 10 percent of the proceeds of the sale and payments of $500 per month until she reached 65.

John now admits he never stopped receiving his railroad disability. John also failed to sell the house and apparently moved in permanently (as suggested by his new furniture purchases), all after Edith vacated the premises in accordance with the third stipulation. Finally, John made only one $500 payment to Edith.

At this point, Edith retained counsel and moved to rescind the property settlement stipulation underlying the second amended judgment. After a lengthy delay for valid reasons, Edith's motion was granted. The trial court reinstated the previous property distribution and ordered entry of a third amended judgment, which also granted a divorce.[1]

John argues the trial court erred on two separate grounds. He argues Edith's motion to rescind the stipulation was an improper procedural vehicle in light of our adoption of the merger doctrine of judgments in *Sullivan v. Quist*, 506 N.W.2d 394 (N.D.1993). John asserts the only proper motion would have been one for relief from judgment under NDRCivP 60(b) without reference to the stipulation, and that Edith failed to make such a motion. He also argues the title of Edith's motion misled him and prevented his proper response. On both counts we disagree.

I. Edith's Motion As an Improper Procedural Vehicle

Edith's motion to the trial court was titled "Motion to Rescind Property Settlement Stipulation." John asserts this was an improper procedural vehicle in light of *Sullivan v. Quist*, 506 N.W.2d 394, and argues the trial court's decision in this matter therefore was improper. John claims the only proper way for Edith to attack the judgment was through the use of a motion made under NDRCivP 60(b).

■ John reads Edith's motion as being an attack only on the underlying stipulation and not upon the judgment. Such a narrow

1. The third amended judgment converted the Soli's separation to a divorce and set aside the property stipulation underlying the second amended judgment. The trial court specified that the property distribution under the divorce be the stipulation underlying the first amended judgment. John appeals from that part of the third amended judgment which sets aside the property distribution which had been incorporated in the second amended judgment.

construction of her motion, however, is unreasonable, especially since, in her brief in support of her motion she quotes NDRCivP 60(b) in its entirety.

We conclude, just as the trial court concluded, that this is a Rule 60(b) motion and was presented in that way. We agree that a more complete title might have included a reference to Rule 60(b), NDRCivP, and to vacation of the judgment, but this alone cannot be fatal.

Because the judgment Edith is attacking was based on a stipulation, she bears the burden of a two-step process in order to have it set aside.

> Where the judgment sought to be set aside has been entered pursuant to a contractual stipulation, such as the property settlement agreement at issue, the party challenging the judgment under Rule 60(b) has the additional burden of showing that under the law of contracts there is justification for setting the contract aside.

*Hill v. Hill,* 392 N.W.2d 819, 821 (N.D.1986); *see also Wolfe v. Wolfe,* 391 N.W.2d 617, 620 (N.D.1986). The trial court's ruling addresses both steps.

■ In our review we determine whether the trial court abused its discretion in granting Edith's NDRCivP 60(b) motion to vacate the judgment. *See First Nat'l Bank & Trust Co. of Williston v. Scherr,* 456 N.W.2d 531, 533 (N.D.1990) (concluding that a motion made under Rule 60(b) "is addressed to the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion"). Relief from judgment under NDRCivP Rule 60(b)(iii) is extraordinary relief and should be granted only in exceptional circumstances. *Gajewski v. Bratcher,* 240 N.W.2d 871, 889 (N.D.1976). The burden rests on the movant to establish fraud, misconduct, or misrepresentation by clear and convincing evidence. *Id.*

■ The trial court found clear and convincing evidence of fraud which prompted Edith's acquiescence in the final stipulation. This, coupled with John's nonperformance and fraudulent representations during the negotiation, certainly entitle Edith to rescind the contract and vacate the amended judgment. These conclusions were properly supported by the record and we will not disturb them.

■ We disagree with John's argument that *Sullivan v. Quist* implicitly overrules both *Hill* and *Wolfe.* In *Sullivan,* we said when a stipulation is incorporated into a judgment it becomes merged with that judgment. 506 N.W.2d at 400. Accordingly, when interpreting that judgment we are no longer concerned with the intention of the parties to the underlying stipulation, but rather with the intention of the court as expressed in its judgment. *Id.* In this case we are not called upon to interpret a judgment; we are asked to grant relief from a judgment based upon a stipulation induced by fraud. *Sullivan v. Quist* and the doctrine of merger, therefore, have no application here.

This rescission of the stipulation and vacation of judgment leave the previous judgment in force.

## II. John's Lack of Notice

■ John also complains Edith's "Motion to Rescind Property Settlement Stipulation" did not give him proper notice that it was being brought under NDRCivP Rule 60(b) as a motion to vacate judgment. With this we disagree. As we have already mentioned, perhaps the title could have been more completely descriptive, but in the brief supporting her motion Edith quotes the text of Rule 60(b), NDRCivP, in its entirety. At oral argument John failed to disclose any way in which he was prejudiced. We conclude his argument that he was unaware the motion was to be approached using NDRCivP 60(b) is entirely unconvincing.

Affirmed.

VANDE WALLE, C.J., and LEVINE, MESCHKE and SANDSTROM, JJ., concur.