**Ruby V. WEBER, Plaintiff and Appellee,**

v.

**Herbert WEBER, Defendant and Appellant.**

**Civil No. 950422.**

Supreme Court of North Dakota.

May 29, 1996.

Thomas M. Tuntland, Mandan, for plaintiff and appellee.

Irvin B. Nodland of Nodland Law Offices, Bismarck, for defendant and appellant.

SANDSTROM, Justice.

In reviewing a renounced property settlement stipulation giving substantial property of the husband to the wife after a one-month marriage, the district court limited its review to the contractual capacity of the parties, and to whether the contract was entered freely and knowingly, without fraud, duress, menace or undue influence, or genuine mistake of fact or law. Concluding the district court should have considered whether the stipulated settlement was unconscionable, we reverse and remand.

I

Ruby Moos and Herbert Weber were married on September 13, 1995. On October 10, 1995, Moos retained an attorney to begin a divorce action. Moos signed all the appropriate documents, including a property settlement agreement, at a meeting with Weber on October 12, 1995. Weber was not represented by counsel. Moos' attorney advised Weber he represented only Moos and Weber should retain his own attorney. Weber declined to retain his own attorney and signed the documents after reviewing them. The property settlement agreement was accompanied by a quitclaim deed giving Moos ownership of a condominium worth about $70,000 and owned by Weber prior to the marriage.

The documents were filed in the district court on October 16, 1995. Also on October 16, Weber retained an attorney and moved the district court to set aside the property settlement, including the quitclaim deed Weber executed in conjunction with the settlement. On October 20, 1995, Weber filed a motion to repossess the condominium. On October 24, Weber filed a motion of lis pendens with the district court.

In denying all three of Weber's motions, the district court stated:

"The Crawford decision, while highly troublesome in its application in the area of domestic relations, is easily distinguished from the case at bar. The defendant herein repeatedly demonstrated his capacity to manage his own affairs, including those which briefly involved the plaintiff. Further, the defendant's actions prior to and during the brief marriage of the parties, demonstrated his capacity to act independently of the plaintiff, and that defendant acted freely to protect his own interests. There is no basis to suggest that the plaintiff and defendant ever achieved a trust relationship which would support an agreement of 'unconscionable advantage' of the defendant by the plaintiff.

\*    \*    \*    \*    \*    \*

"It is neither the jurisdiction nor the obligation of the trial court to substitute its judgment for that of the parties, nor to determine their individual motives and intentions for their actions. Notwithstanding the decision in Crawford, the obligation of the trial court is limited to a determination of whether or not the parties were capable of contracting with each other, freely and knowingly, and absent fraud, duress, menace or undue influence of one upon the other, or a genuine mistake of fact or law. The defendant herein has clearly failed to sustain his burden of proof to establish any of the foregoing which would justify his attempted rescission of the property settlement agreement entered into herein."

The district court entered a judgment incorporating the agreement signed by the parties. Weber appeals from the district court's judgment.

The district court had jurisdiction under N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–27–01.

## II

■ Weber contends the district court abused its discretion by entering a judgment incorporating an unconscionable property settlement agreement.

■ A district court abuses its discretion if it acts in an arbitrary, capricious, or unreasonable manner, or if it misapplies or misinterprets the law. *Smith v. Smith,* 538 N.W.2d 222, 230 (N.D.1995).

In divorce cases, the district court is obligated to "make such equitable distribution of the real and personal property of the parties as may seem just and proper." N.D.C.C. § 14–05–24. In doing so, we have encouraged trial courts to recognize valid agreements by divorcing parties. *Crawford v. Crawford,* 524 N.W.2d 833, 835 (N.D.1994); *Clooten v. Clooten,* 520 N.W.2d 843, 846 (N.D.1994); *Peterson v. Peterson,* 313 N.W.2d 743, 744–745 (N.D.1981). The public policy concerning divorce favors a "prompt and peaceful resolution of disputes." *Clooten* (quoting *Wolfe v. Wolfe,* 391 N.W.2d 617, 619 (N.D.1986)). "[T]o the extent that competent parties have voluntarily stipulated to a particular disposition of their marital property, a court ordinarily should not decree a distribution of property that is inconsistent with the parties' contract." *Wolfe v. Wolfe,* 391 N.W.2d 617, 619 (N.D.1986).

District courts should not blindly accept, however, the terms the parties agree upon. *See Clooten* at 845–846; *Crawford* at 836; *In re Marriage of Manzo,* 659 P.2d 669, 674 (Colo.1983); *Principles of the Law of Family Dissolution: Analysis and Recommendations,* Tentative Draft No.2, A.L.I. § 4.01 comment (1996) ("Agreements between spouses have traditionally been subject to various procedural and substantive rules beyond those which apply to contracts generally."). We have noted the district court's duty to make a just and proper distribution of property under N.D.C.C. § 14–05–24 includes the authority to rewrite a separation agreement for mistake, duress, menace, fraud, or undue influence under N.D.C.C. § 9–09–02(1). *Wolfe.* We have also held a district court should rescind an agreement if it is unconscionable. *Crawford* ("[T]he stipulation is so one-sided and creates such hardship that it is unconscionable."). *See also Uniform Marriage and Divorce Act,* 9A U.L.A. § 306 (1996) ("[T]he terms of a separation agreement ... are binding upon the court unless it finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unconscionable.").

The district court stated, "Notwithstanding the decision in Crawford, the obligation of the trial court is limited to a determination of whether or not the parties were capable of contracting with each other, freely and knowingly, and absent fraud, duress, menace or undue influence of one upon another, or a genuine mistake of fact or law." The purview of the district court in reviewing a property settlement agreement in a marital dissolution matter is not so limited. The district court apparently misinterpreted *Crawford* to apply only when there exists a relationship of trust between the parties as they prepare to divorce.

Property settlement agreements in divorce cases must be scrutinized for unconscionability. The review for unconscionability is not ended by finding a lack of a trust relationship between the parties.

## III

The district court in this case abused its discretion by strictly limiting its inquiry to the factors it listed. The judgment is reversed, and this matter is remanded for action consistent with this opinion.

VANDE WALLE, C.J., and MARING and MESCHKE, JJ., concur.

NEUMANN, Justice, concurs in result.

Despite my dissent in *Crawford v. Crawford,* 524 N.W.2d 833 (N.D.1994), I concur in the result in this case. *Crawford* was an appeal from a denial of a Rule 60(b), N.D.R.Civ.P., motion to set aside a judgment. Our standard of review for such matters is merely abuse of discretion, a very deferential standard that I believe was not followed in *Crawford.*

This case, on the other hand, is a direct appeal from a judgment in which the trial court clearly but incorrectly determined it had only the authority to review questions of fraud, mistake, undue influence, and the parties' competence to contract. While we have always encouraged deference to the parties' wishes when they agree to settle a divorce action, we have never held a trial court should abdicate its responsibility under section 14–05–24, N.D.C.C., to do justice and equity. The trial court's ruling in this case was based on a misapprehension of its authority and responsibility, and therefore, must be reversed.