**NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY,**
Plaintiff and Appellant,

v.

Frank G. SCHMIDT et al., Defendants and Appellees.

Civ. No. 8938.

Supreme Court of North Dakota.

June 6, 1974.

Kenneth M. Moran, Jamestown, for plaintiff and appellant.

Bair & Brown, Mandan, for defendant and appellee Eade individually and as Trustee for the North Dakota Workmen's Compensation Bureau.

Zuger & Bucklin, Bismarck, for defendant and appellee Berg.

FRIEDERICH, District Judge.

This appeal stems from an action for Declaratory Judgment pursuant to Section 32–23–01 of the North Dakota Century Code. Two questions were submitted to the trial court for answer. The first question was dismissed because, in the opinion of the trial court, it anticipated an advisory opinion which could not be rendered by the Court under the Declaratory Judgment Act, and the second was dismissed on the basis that insufficient information was submitted upon which to base a decision. This appeal is from the order of the trial court dismissing the Declaratory Judgment action.

Only so much of the stipulated facts will be set out here as are pertinent to the issues before this Court for determination.

In January of 1968 an automobile driven by Franklin D. Schmidt collided with a cattle truck stalled on the highway. The collision resulted in Schmidt being killed and James Eade, a wrecker operator who had been called to assist the disabled truck, being injured. In January, 1970, a suit for personal injury was instituted by Eade against Clara Karls, the Special Administratrix of the estate of Franklin D. Schmidt, deceased, and against Linda Black, the owner of the automobile Schmidt was driving at the time, and others. The insurance carrier, State Farm Fire and Casualty Company, insuring the owner of the automobile Schmidt had been operating, offered to settle for the policy limits and that offer was accepted by Eade. The settlement was on behalf of both the deceased driver and Linda Black, with all parties being under the impression that Schmidt had no insurance coverage other than that which was extended to him by virtue of the insurance covering the owner of the automobile. The settlement was followed with the usual order of the trial court dismissing the action as to these parties.

In November of 1971 Eade moved the Court to set aside the Order of Dismissal on the ground of mutual mistake of fact, in that there was reason to believe that Schmidt might have had other insurance coverage. The motion was granted and the previous dismissal as to Schmidt was set aside.

It is admitted that at the time of the collision appellant herein was the insurance carrier for Frank G. Schmidt, the father of Franklin D. Schmidt, deceased, under a policy of automobile liability insurance, and that this coverage "may have extended to the decedent Franklin D. Schmidt, assuming all terms and conditions of the policy were met, observed and followed by the insured Frank G. Schmidt."

On February 4, 1972, after the dismissal had been set aside, the attorney for Eade notified Frank G. Schmidt by letter of the alleged insurance coverage and demanded that his insurance carrier represent and defend the estate of Franklin D. Schmidt.

The accident was never reported to the appellant herein nor to any of its agents, although obviously its insured Frank G. Schmidt had knowledge of it. The terms of the policy require ·notice of accident, "by or for the insured to the company or any of its authorized agents as soon as practicable." No notice of the motion to dismiss or of the motion to set aside the earlier dismissal of the case based on the settlement was given to appellant, its agent or insured.

The appellant claims first that the order setting aside the earlier dismissal of the case is not binding upon it because it was not notified of the motion to set aside the Order of Dismissal and, second, that the terms of its policy with Frank G. Schmidt

were not complied with thereby precluding any coverage in this case.

The trial court found:

1. Any inquiry as to whether the Order of Dismissal of April 6, 1971, was binding upon the appellant herein or was in full force and effect calls for an advisory opinion as to the propriety, legality, or validity of that Order and cannot be rendered under the declaratory judgment statute of the State of North Dakota; and

2. The policy of insurance issued by appellant herein to Frank G. Schmidt not having been in evidence, nor any facts or circumstances concerning that contract of insurance being before the Court other than the stipulation, "said coverage may have extended to the decedent, Franklin Donald Schmidt if all the terms and conditions of said policy were met, observed and followed by said Frank G. Schmidt," did not constitute a definite or positive statement of facts sufficient to authorize or warrant the Court to render a judicial determination upon the issue.

■ It is claimed by the appellant that the order setting aside the earlier dismissal is not binding upon it for the reason that the trial court failed to comply with Rule 19(a) and 19(b), N.D.R.Civ.P.

We cannot determine from the record the grounds upon which the trial court set aside the dismissal order. The appellant is not challenging the authority of the trial court in issuing the Order of Dismissal. In fact, it claims that order to be a final order and points to Rule 19(a) and 19(b) in support of its contention that the Order of Dismissal should not have been set aside. Rule 19, however, must be read in conjunction with Rule 60(b). This rule, among other things, provides:

"On motion and upon such terms as are just, the court may relieve *a party* or his legal representative from a final judgment *or order* in any action or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or ex-

cusable neglect; . . . ." (emphasis added)

■ The application for relief under this provision of the Rule is addressed to the discretion of the trial court. Although most frequently invoked on behalf of the defendant the benefit of the rule is available to either party in any action. Where no intervening rights have attached in reliance upon the judgment or order and no actual injustice will ensue, discretion should incline towards granting rather than denying relief. Wright & Miller, Federal Practice & Procedure, Civil Sec. 2857.

■ The spirit and purpose of Rule 19(a) and 19(b) are to protect the interest of parties who might be deprived of due process by the trial of an action in their absence and at the same time to protect those parties already before the court from the harassment and hardship of multiple litigation. On behalf of one not made a party to the action, due process demands the right to appear and to defend in a trial which might jeopardize or destroy the interest of such person. The signal to invoke Rule 19 comes about on behalf of the parties already before the court when it is evident that there are others who claim an interest in the subject matter of the dispute, thereby creating a real possibility that the parties already before the court or those claiming the interest might be subjected to multiple liability, multiple litigation or both. Western Union Telegraph Company v. Commonwealth of Pennsylvania, 368 U.S. 71, 82 S.Ct. 199, 7 L.Ed.2d 139 (1961). See also U. S. v. Aetna Life Insurance Company, D.C.Conn., 46 F.Supp. 30, 34 (1942).

■ By setting aside the Order of Dismissal, the trial court merely provided the avenue whereby an additional party might be brought into the lawsuit. We do not view this course of action as being in derogation of Rule 19, but rather as being consistent with the purpose and objective of that rule.

The pertinent part of the trial court's judgment in this case reads:

". . . the plaintiff's action for declaratory judgment be and the same is hereby dismissed, without prejudice to the legal rights of the plaintiff:

"(a) To intervene in the original action brought by James P. Eade for the recovery of damages, still pending for trial upon the merits, Civil No. 10,799, Morton County District Court, and

"(b) To assert and prove any meritorious or valid defense it may have to defeat a recovery of damages against it in said action;"

For reasons already stated and to expedite the disposition of the reopened case, the judgment of the trial court dismissing the declaratory judgment action is modified to the extent that the order dated December 8, 1971, setting aside the dismissal in Civil No. 10,799, Morton County District Court, is declared valid and binding upon the appellant.

■ We have reviewed the stipulated facts submitted to the trial court as they pertain to the second issue of the declaratory action. Even if we were to allow respective counsel to stipulate that the record on appeal be modified to include the entire policy of insurance and not just a portion of it, we are unable to render a decision upon the limited facts. The appellant by way of declaratory relief seeks a determination that there is no liability insurance coverage to the decedent Franklin D. Schmidt as of January 9, 1968, under the policy of liability insurance it issued to Franklin G. Schmidt. This denial is based upon the claim that its insured, Franklin G. Schmidt, failed to follow all the terms and conditions of the policy, particularly that he failed to give notice in writing to the insurance company "as soon as practicable" of an accident or loss together with certain other information required by the terms of the policy.

As the trial court pointed out in its opinion:

"An examination of the stipulated facts shows, without dispute:

That it [stipulated facts] does not contain a statement of any facts or circumstances showing that the plaintiff was prejudiced in its substantial rights by the failure of the insured, Frank G. Schmidt, to report said accident to the plaintiff as soon as practicable;

Joyce v. United Ins. Co., 17 A.L.R.3d 517 (Cal.)

Annotations thereto page 530

"That it [stipulated facts] does not set forth any facts or circumstances to show whether or not the plaintiff has waived the provision of its policy requiring notice of any accident as soon as practicable;"

■ What is probably even more important, certainly from the position of the insured, is the long list of authorities which hold that where the policy provision requires notice "as soon as practicable," whether notice is timely depends upon the facts and circumstances of each case, measured by objective and impartial standards from the viewpoint of the particular policyholder, and no definite or specific time can be fixed. Annotation 18 A.L.R.2d 443, Sec. 14.

The case is remanded to the trial court with instructions that an additional evidentiary hearing be held before that court to determine the question relative to coverage under the insurance policy of the appellant insurance company.

ERICKSTAD, C. J., and TEIGIN, KNUDSON and PAULSON, JJ., concur.

VOGEL, J., deeming himself disqualified, did not participate.