2010 ND 110

**Aimee M. MARTINSON, Plaintiff and Appellant**

v.

**James W. MARTINSON, Defendant and Appellee.**

**No. 20090324.**

Supreme Court of North Dakota.

June 10, 2010.

Suzanne Marie Schweigert, Bismarck, N.D., for plaintiff and appellant.

Irvin B. Nodland, Bismarck, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1]   Aimee Martinson appeals from a district court order awarding her attorney fees and an order denying her motion for relief.  She argues the court abused its discretion in denying part of her request for attorney fees and costs and vacating an ex parte order awarding her attorney fees. We affirm in part, reverse in part, and remand.

I

[¶ 2]   Aimee and James Martinson were married in 2000, and have two minor children together.  The Martinsons divorced in Burleigh County in 2006.  The parties reached an agreement on child custody and visitation issues, and a judgment was entered incorporating the parties' stipulation.  Aimee Martinson was awarded physical custody of the children, and James Martinson was awarded visitation.  After the divorce, Aimee Martinson and the children moved to the Minneapolis, Minnesota area and James Martinson often traveled to the Minneapolis area to exercise visitation with the children.

[¶ 3]   In April 2007, one of the parties' children told a school counselor that James Martinson had sexually abused the child. Both children later alleged James Martinson sexually abused them.  The allegations were reported to Dakota County Social Services and the Bloomington Police Department and both began investigating the allegations.

[¶ 4]   Aimee Martinson sought a protective order in Minnesota.  On April 30, 2007, the Minnesota district court granted an emergency ex parte order for protection, prohibiting James Martinson from having any contact with Aimee Martinson and the children.  A hearing on the order was continued to allow for further investigation.

[¶ 5]   On August 9, 2007, Aimee Martinson moved for an ex parte interim order in North Dakota to prohibit James Martinson from having any contact with the children while the investigations continued.  The ex parte order was granted on August 10, 2007.  As part of the ex parte interim order, the court awarded Aimee Martinson an unspecified amount of attorney fees. Aimee Martinson submitted an affidavit showing attorney fees and costs in the amount of $17,043.44, including fees from the Minnesota proceedings and the North Dakota ex parte interim order.  James Martinson requested a hearing on the ex parte interim order.

[¶ 6] After the North Dakota protection order was granted Aimee Martinson requested the Minnesota district court dismiss the Minnesota protection order because it was no longer necessary. The Minnesota protection order was dismissed on August 10, 2007.

[¶ 7] The Bloomington Police Department and Dakota County Social Services closed their investigations of the abuse allegations in fall 2007. The Bloomington Police Department determined the children had been interviewed too many times for their information to be consistent or reliable and the allegations were unsubstantiated. Dakota County Social Services issued its report, stating it could not find there was maltreatment because the children's statements were inconsistent and James Martinson denied the allegations. Dakota County Social Services also recommended the children remain in therapy to work on issues of sexual abuse and not have visitation with James Martinson until it is determined the visitation would not be detrimental to the children's therapy process.

[¶ 8] On November 29, 2007, Aimee Martinson moved to modify the divorce judgment in North Dakota, requesting visitation be modified and James Martinson not have visitation with the children until the children's therapist determines visitation would not be detrimental. James Martinson opposed the motion and requested a hearing. The hearing date was set and rescheduled several times.

[¶ 9] In April 2009, the parties reached an agreement on the visitation issue. The parties stipulated that their experts would select an independent mental health expert to evaluate the children and develop a plan to restore contact between the children and James Martinson, that a nanny would accompany the children on longer visits, and that the parties' experts would choose a new therapist for the children. The parties also agreed that the district court would resolve any financial issues, including who would be responsible for the costs and expenses of the proceedings and future visitation expenses.

[¶ 10] A hearing on the financial issues was held in April 2009, and the parties testified and submitted other evidence. Aimee Martinson requested she be awarded full attorney fees and costs. She also requested James Martinson be responsible for any future counseling expenses, all of the future fees for their expert witnesses, and all supervised visitation expenses. James Martinson opposed Aimee Martinson's request and requested the court award him attorney fees under N.D.C.C. § 14-09-24 for costs incurred fighting the willful and persistent denial of visitation rights.

[¶ 11] The district court entered an order on May 14, 2009, partially granting Aimee Martinson's request for attorney fees. The court awarded Aimee Martinson $15,735.97 for the attorney fees and costs incurred in obtaining the Minnesota protective order. The court denied Aimee Martinson's request for all other attorney fees and costs, finding there was no modification of the judgment and Aimee Martinson abandoned her motion. The court also vacated the award of attorney fees ordered in the ex parte interim order. The court denied James Martinson's request for attorney fees and costs, finding Aimee Martinson was not acting in a willful and persistent effort to preclude visitation without a basis in fact. The court also ordered the parties be equally liable for costs of any future counseling or therapy for the children. The court entered an order adopting the parties' stipulation modifying visitation on June 15, 2009.

[¶ 12] In July 2009, Aimee Martinson moved for relief from the order partially

denying her request for attorney fees under N.D.R.Civ.P. 60(b), arguing the court incorrectly found she abandoned her motion to modify the judgment and based its decision on that erroneous finding. She requested the court reconsider her motion for attorney fees. On September 1, 2009, the court denied Aimee Martinson's motion for relief, finding her request for attorney fees was denied because she failed to provide a sufficient basis for the court to award attorney fees and its decision was not based on a mistaken finding. The court also found an injustice would result if the motion for relief was granted because James Martinson has relied upon the order and reconsidering Aimee Martinson's request for attorney fees and costs would delay reuniting the children with James Martinson.

## II

[¶ 13] Aimee Martinson argues the district court abused its discretion by determining an award of attorney fees was not appropriate because she abandoned her motion to modify the judgment, by vacating the prior ex parte interim order awarding her attorney fees, and by denying her motion for relief from the order.

### A

[¶ 14] A district court has discretion to award attorney fees and costs in divorce actions under N.D.C.C. § 14–05–23. *Heinle v. Heinle*, 2010 ND 5, ¶ 32, 777 N.W.2d 590. In deciding whether to award attorney fees and costs under N.D.C.C. § 14–05–23:

[T]he trial court must balance one [party's] needs against the other [party's] ability to pay. The court should consider the property owned by each party, their relative incomes, whether property is liquid or fixed assets, and whether the action of either party unreasonably in-

creased the time spent on the case. An award of attorney fees requires specific findings supported by evidence of the parties' financial conditions and needs. *Id.* (quoting *Reiser v. Reiser*, 2001 ND 6, ¶ 15, 621 N.W.2d 348) (citations omitted). A court must make specific findings supported by evidence of the parties' financial needs and conditions to award attorney fees. *Lautt v. Lautt*, 2006 ND 161, ¶ 12, 718 N.W.2d 563. "An award of attorney fees must generally be supported by evidence upon which the court can determine the requested fees are reasonable and legitimate." *Whitmire v. Whitmire*, 1999 ND 56, ¶ 14, 591 N.W.2d 126.

[¶ 15] An award of attorney fees is within the court's discretion and will not be disturbed on appeal unless the court abuses its discretion. *Heinle*, 2010 ND 5, ¶ 32, 777 N.W.2d 590. The court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, misinterprets or misapplies the law, or its decision is not the product of a rational mental process leading to a reasoned determination. *Berg v. Berg*, 2000 ND 36, ¶ 22, 606 N.W.2d 895. "A [district] court acts in an arbitrary, unreasonable, or unconscionable manner when its decision is not the product of a rational mental process by which the facts and law relied on are stated and considered together for the purpose of achieving a reasoned and reasonable determination." *Terry v. Terry*, 2002 ND 2, ¶ 4, 638 N.W.2d 11.

[¶ 16] In the May 2009 order, the district court granted part of Aimee Martinson's request for attorney fees and costs and denied her request for the remaining portion, finding:

[T]he [legal proceedings in Minnesota] on behalf of the minor children and as taken by [Aimee Martinson] upon professional advice and assistance, were initiated in the best interests of the minor

children and upon a reasonable factual basis for the same. Accordingly, the Court does herewith award [Aimee Martinson] attorney's fees and costs incurred within the State of Minnesota in obtaining the Minnesota protective order until such time as investigations were concluded by Dakota [C]ounty Social Services and the Bloomington, Minnesota, Police Department, and reports of the same provided to [Aimee Martinson].

Said award of attorney's fees in the amount of $15,735.97 as set forth in Plaintiff's Exhibit 5.

[Aimee Martinson's] election to file in the District Court, Burleigh County, North Dakota, on November 29, 2007, [Aimee Martinson's] motion to modify Judgment so as to suspend [James Martinson's] visitation privileges with the minor children and to preclude any contact by [James Martinson] with said minor children, as well as [Aimee Martinson's] correlating motion for ex parte interim order occurred subsequent to the prior determinations of unsubstantiation of allegation of sexual abuse. The evidence before the Court in the exhibits submitted at the time of hearing on April 2, 2009, as well as prior testimony of [Aimee Martinson], convinces the Court that [Aimee Martinson] was acting in good faith, having arrived at a conclusion that [James Martinson] had engaged in sexual abuse of the minor children, notwithstanding agency and professional assessments to the contrary....

In the stipulation of the parties to the Court, there is no acknowledgment of any modification to the Judgment, nor have the parties stipulated to a factual basis for the same. [Aimee Martinson] having abandoned her motion to modify Judgment, [Aimee Martinson] is herewith denied any award of attorney's fees

or costs incurred in the filing of said motion or prosecution of the same. Additionally, the ex parte interim order and the award of attorney fees therein in an unspecified amount is herewith vacated to that extent.

. . . .

As mandated by *Lynnes v. Lynnes,* [2008 ND 71, 747 N.W.2d 93,] the Court does expressly find that attorney's fees and costs incurred in the State of Minnesota were in the best interests of the minor children, and that [Aimee Martinson] by virtue of her limited income is in need of payment of the same and [James Martinson] has the capacity to make such payment.

[¶ 17] The district court's finding that the judgment was not modified and Aimee Martinson abandoned her motion to modify the judgment is not supported by the evidence. At the hearing on Aimee Martinson's motion, the parties informed the court that they had reached an agreement on the visitation issue and requested the court incorporate the stipulation in its final order. A copy of the parties' stipulation was presented as an exhibit and received into evidence. The stipulation requires the parties to hire an independent mental health expert to develop a reunification plan and determine a new visitation schedule. The stipulation modified James Martinson's visitation. In a June 15, 2009, order, the court adopted the parties' stipulation. The evidence does not support the court's finding that Aimee Martinson abandoned her motion to modify the judgment, and that finding was the basis for the court's decision denying the requested costs and fees. We conclude the court abused its discretion.

B

[¶ 18] Aimee Martinson argues the district court abused its discretion in

vacating the part of the ex parte interim order awarding her attorney fees and costs. She contends the court failed to give any justification for its decision to vacate the prior order awarding attorney fees and costs.

[¶ 19] "Interlocutory orders generally are not appealable and may be revised or reconsidered any time before the final order or judgment is entered." *Eberle v. Eberle*, 2009 ND 107, ¶ 13, 766 N.W.2d 477. The ex parte interim order was an interlocutory order and was subject to revision prior to the final order. The order stated, "[Aimee Martinson] is awarded her attorney fees in having to bring this action to protect the children. Counsel should submit an affidavit setting forth the amount of attorney fees requested." Aimee Martinson submitted an affidavit listing the amount of attorney fees she was requesting for both the Minnesota proceedings and the North Dakota proceedings for the ex parte interim order; however, the court did not enter another order awarding Aimee Martinson a specific amount of attorney fees prior to the May 2009 order.

[¶ 20] In the May 2009 order, the court awarded Aimee Martinson all of the attorney fees and costs incurred during the Minnesota proceedings, which was a majority of the fees Aimee Martinson claims she was awarded in the ex parte interim order. That part of the court's order was not challenged on appeal. However, the court failed to explain why it was vacating the ex parte interim order and was not awarding Aimee Martinson attorney fees for the ex parte interim order in North Dakota. The court abused its discretion in vacating the ex parte interim order. On remand, the district court will have the opportunity to explain why, after Aimee Martinson sought and received a protection order in Minnesota, subsequently sought and received an ex parte protection order in North Dakota and then requested and was granted dismissal of the protection order in Minnesota, it did not award Aimee Martinson attorney fees for the ex parte interim order in North Dakota.

C

[¶ 21] Aimee Martinson argues the district court abused its discretion by denying her motion for relief from the order partially awarding her attorney fees because it erroneously found she failed to provide a sufficient basis for an award of attorney fees and James Martinson's visitation rights would be impacted if the court granted the motion.

[¶ 22] A court may grant relief from a judgment or order for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or any other reason justifying relief from the judgment. N.D.R.Civ.P. 60(b). A court's decision on a motion for relief from a judgment or order under N.D.R.Civ.P. 60(b) is reviewed for an abuse of discretion. *Terry*, 2002 ND 2, ¶ 4, 638 N.W.2d 11. In reviewing a court's denial of a motion for relief, we only determine if the court abused its discretion in ruling sufficient grounds for disturbing the judgment or order were not established. *Id.*

[¶ 23] In denying Aimee Martinson's motion for relief under N.D.R.Civ.P. 60(b), the court stated:

Rule 60(b)(i) provides relief from judgment for mistake, inadvertence, surprise or excusable neglect, while Rule 60(b)(vi) is a catch-all provision providing relief for any other reason justifying relief from the Court's judgment. In relying on these provisions, [Aimee Martinson] incorrectly concludes that the Court specifically based its denial to

award [her] attorney's fees on the fact that [she] failed to file her Motion to Modify Judgment, and therefore argues the Court made a mistake of fact in denying attorney's fees. The same were in fact denied, however, because [Aimee Martinson] did not otherwise provide a sufficient basis for this Court to award attorney's fees.

[¶ 24] In deciding a request for attorney fees and costs under N.D.C.C. § 14-05-23, the court must balance one party's needs against the other party's ability to pay and consider whether either party's actions unreasonably increased the time and expenditures on the case. *Berg,* 2000 ND 36, ¶ 22, 606 N.W.2d 895. In determining whether to award costs and attorney fees, fault is a consideration only to the extent one party has unreasonably escalated the fees. *Wagner v. Wagner,* 2007 ND 101, ¶ 23, 733 N.W.2d 593.

[¶ 25] There are no specific findings in either the district court's May 2009 order denying Aimee Martinson's request for attorney fees or in the order denying her motion for relief that support the court's finding that she did not provide a sufficient basis for the court to award attorney fees and costs. The parties presented evidence of their incomes and expenses. In the May 2009 order, the court found Aimee Martinson has an adjusted gross income of approximately $22,000 and James Martinson has an adjusted gross income of $192,000. The court found Aimee Martinson had met the burden of proving she had a need for payment of her costs and attorney fees and James Martinson had the ability to pay her costs and fees for purposes of awarding attorney fees for the Minnesota proceedings. These findings conflict with the court's finding in its order denying her motion for relief that Aimee Martinson had not provided a sufficient basis to award costs and attorney fees.

Furthermore, the court did not find that the fees were unreasonable or that Aimee Martinson had unreasonably escalated the fees. The court's finding that Aimee Martinson failed to provide a sufficient basis is unsupported.

[¶ 26] The court also found it would be an injustice to grant Aimee Martinson's motion for relief even if it had mistakenly found she abandoned her motion to modify the judgment:

Furthermore, even if [Aimee Martinson's] argument that the Court made a mistake of fact were correct, [her] application pursuant to Rule 60(b) to set aside an order because of a mistake of fact is addressed to the discretion of the Court. "[S]uch discretion should incline toward granting rather than denying such relief *where no intervening rights have attached* in reliance upon the judgment or order *and no actual injustice will ensue." Nat'l Farm. Union Prop. & Cas. Co. v. Schmidt,* 219 N.W.2d 111 [ (N.D.1974) ] (emphasis added); N.D.R.Civ.P. 60(b). Here, [James Martinson] has surely relied upon the Order so that he may regain a normal relationship with his children after two years of litigation. Furthermore, injustice would ensue if [Aimee Martinson's] Motion to Reconsider were granted; [James Martinson] would have to wait yet again to salvage his relationship with the minor children.

[¶ 27] The court's finding that an injustice would result if Aimee Martinson's motion for relief was granted is not supported by the evidence. The parties stipulated to modify the visitation provisions of the judgment and to begin the reunification process between the children and James Martinson. The only issues before the court were financial issues, including payment of attorney fees and costs and payment of future visitation related expenses.

Reconsideration of the attorney fees issue would not affect the reunification process.

[¶ 28] The district court's decision to deny Aimee Martinson's request for attorney fees and costs was based on mistake, its finding that she failed to provide a sufficient basis for an award is unsupported, and reconsideration would not result in injustice. We conclude the district court abused its discretion by denying Aimee Martinson's motion for relief.

### D

[¶ 29] The court's findings that formed the basis for its decision to deny part of Aimee Martinson's request for attorney fees are not supported by the evidence. The court failed to correctly apply the law and balance Aimee Martinson's need against James Martinson's ability to pay and consider whether either party unreasonably escalated the fees and costs. We conclude the district court abused its discretion in denying part of Aimee Martinson's request for attorney fees and costs and denying her motion for relief from the order. We reverse and remand for reconsideration of Aimee Martinson's request for costs and attorney fees for the proceedings in North Dakota.

### III

[¶ 30] Aimee Martinson argues the district court abused its discretion in ordering the parties to equally share future counseling costs for the children because the court incorrectly found the parties' April 2009 stipulation requires the parties to equally share those costs. She also contends the court abused its discretion because it failed to address other financial issues.

[¶ 31] The parties' April 2009 stipulation modifying visitation stated that the district court would decide all financial issues. Aimee Martinson requested the court order James Martinson be responsible for all costs of hiring an independent evaluator, all costs of hiring a nanny for visitation and any other supervised visitation expenses, all future expert expenses, and any out of pocket costs for the children's therapy. The district court ordered that Aimee and James Martinson "shall honor the judgment of divorce as herein entered, and shall be equally liable for costs of any future counseling or therapy determined to be essential for the minor children, consistent with the stipulation of the parties."

[¶ 32] The parties requested the court decide how future counseling expenses would be paid. Although Aimee Martinson contends the court found the parties agreed to split future counseling expenses in their April 2009 stipulation, the court did not indicate either during the hearing or in its order that it could not decide how future expenses should be paid because the April 2009 stipulation already addressed the issue. Rather, the original divorce judgment, which was based on the parties' stipulation, stated, "Aimee and James shall each be responsible to pay, before the amount is past due, a portion of any deductible, co-insurance and non-covered optical, medical, chiropractic, and therapy/counseling expenses for the minor children with James paying 50% and Aimee paying 50% of the non covered amounts, until such time as the children graduate from college." The court ordered the parties continue to equally share the children's counseling or therapy expenses, which is consistent with the parties' original stipulation and the judgment. We conclude the court did not abuse its discretion.

[¶ 33] We affirm the district court's decision requiring the parties to equally share the costs of any future counseling or therapy for the children. However, the

court did not address the other financial issues raised, including payment of expenses incurred to hire a nanny and future expert expenses. On remand, the court must decide these issues.

## IV

[¶ 34]   We affirm the district court's decision requiring the parties to equally share future therapy and counseling expenses. We reverse the court's decision denying part of Aimee Martinson's request for attorney fees and costs, and remand for further proceedings.

[¶ 35] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.