Filed 8/18/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 156

Aimee M. Martinson, Plaintiff and Appellant

v.

James W. Martinson, Defendant and Appellee

No. 20100339

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Stacy Mae Moldenhauer (argued) and Suzanne Marie Schweigert (appeared), P.O. Box 460, Bismarck, N.D. 58502-0460, for plaintiff and appellant.

Irvin B. Nodland, P.O. Box 640, Bismarck, N.D. 58502-0640, for defendant and appellee.

Martinson v. Martinson

No. 20100339

Kapsner, Justice.

[¶1] Aimee Martinson appealed from an order upon remand denying her additional attorney fees and costs in connection with her motions for a protective order and to modify the visitation provisions of a divorce judgment.  We reverse and remand, concluding the district court failed to comply with the directions in our prior opinion remanding the case.

I

[¶2] Aimee and James Martinson divorced in North Dakota in 2006.  The divorce judgment incorporated the parties’ stipulation, which awarded Aimee Martinson physical custody of the parties’ two minor children, awarded James Martinson visitation, and allowed Aimee Martinson to move with the children to Minnesota.

[¶3] In 2007, the children alleged they had been sexually abused by James Martinson.  The allegations were reported to Minnesota law enforcement and social services agencies, which began investigations.  On April 30, 2007, Aimee Martinson sought and received a protective order from a Minnesota district court prohibiting James Martinson from having any contact with her or the children.

[¶4] On August 9, 2007, while the Minnesota investigations continued, Aimee Martinson moved for an ex parte interim order in North Dakota prohibiting James Martinson from having any contact with the children.  The order was entered on August 10, 2007, and the Minnesota order was dismissed.  In the ex parte interim order, the North Dakota district court directed that Aimee Martinson “is awarded her attorney fees in having to bring this action to protect the children” and directed her attorney to “submit an affidavit setting forth the amount of attorney fees requested.”  Aimee Martinson subsequently submitted an affidavit requesting $17,043.44 in attorney fees and costs for bringing the Minnesota and North Dakota proceedings.

[¶5] The Minnesota authorities completed their investigations in the fall of 2007.  The Bloomington Police Department determined the allegations were unsubstantiated, and Dakota County Social Services determined it could not find maltreatment of the children.  Both agencies noted the children’s statements had been inconsistent.

[¶6] After the investigations were completed Aimee Martinson moved to modify the divorce judgment, requesting that James Martinson not have visitation until the children’s therapist determined visitation would not be detrimental to them.  James Martinson opposed the motion and requested a hearing, which was rescheduled several times.  In April 2009 the parties reached an agreement on visitation, stipulating that their respective experts would choose a “reunification therapist” to develop a plan to restore contact between James Martinson and the children, a nanny would accompany the children on longer visits, the parties’ experts would choose a new therapist for the children, and the district court would resolve financial issues regarding attorney fees, costs, and future visitation expenses.

[¶7] A hearing was held on the financial issues, and on May 14, 2009, the district court ordered that Aimee Martinson receive $15,735.97 in attorney fees and costs for the Minnesota proceedings.  The court denied all other requested attorney fees and costs, finding there had been no modification of the judgment and Aimee Martinson had abandoned her motion, and vacated that part of the August 10, 2007, ex parte interim order that had awarded Aimee Martinson attorney fees.  The district court also denied Aimee Martinson’s motion for relief from the order under N.D.R.Civ.P. 60(b), and she appealed.

[¶8] On appeal, this Court reversed in part and remanded for further proceedings, concluding the district court erred in finding the judgment had not been modified and Aimee Martinson had abandoned her motion, erred in vacating the ex parte interim order, erred in finding Aimee Martinson had failed to provide a sufficient basis for an award of attorney fees, and erred in failing to address other financial issues, including payment of expenses to hire a nanny to attend visitation and future expert expenses.  
See
 
Martinson v. Martinson
, 2010 ND 110, 783 N.W.2d 633.  We directed the district court on remand to reconsider its refusal to award attorney fees and costs for the North Dakota ex parte interim order and the motion to modify the judgment, and to address the other unresolved financial issues.  We expressly directed that the court resolve the issues by considering Aimee Martinson’s needs, James Martinson’s ability to pay, and whether either party had unreasonably escalated the fees and costs.  
See
 
id.
 at ¶ 29.

[¶9] Upon remand the parties submitted briefs, and James Martinson submitted a “Proposed Order Upon Remand.”  The Proposed Order first suggested reasons which might support denying attorney fees for the North Dakota ex parte proceedings, and provided three options on that issue for the district court: reinstate the existing award of $15,735.97, award Aimee Martinson’s full requested amount of $17,043.44, or award some other amount.  The Proposed Order further suggested that the district court deny any further award of attorney fees or costs for the motion to modify the divorce judgment, citing Aimee Martinson’s “mistaken” belief that James Martinson had abused the children and concluding that James Martinson should not “be made to pay for Aimee’s mistakes whether or not she made them in good faith.”  The Proposed Order failed to address the other financial issues the court had been directed to resolve upon remand.  The district court signed the Proposed Order as submitted, without indicating which of the listed options it was choosing on the first issue, without addressing the parties’ needs, ability to pay, or whether either party had unreasonably escalated the fees or costs, and without addressing the other unresolved financial issues.  Aimee Martinson appealed.

II

[¶10] Aimee Martinson contends the district court erred in failing to award her attorney fees for securing the ex parte interim order in North Dakota.

[¶11] On the prior appeal, we reversed that part of the district court’s May 14, 2009, order which had vacated the award of attorney fees in the ex parte interim order and gave the court the opportunity upon remand to explain why it denied attorney fees for the ex parte interim order in North Dakota.  
See
 
Martinson
, 2010 ND 110, ¶ 20, 783 N.W.2d 633.  The Proposed Order Upon Remand submitted to the district court by James Martinson noted that Aimee Martinson’s failure to personally notify James Martinson of the cancellation of a scheduled hearing on the Minnesota protective order “might”  justify denial of attorney fees for the North Dakota ex parte proceedings, and suggested three possible options for resolving the issue:

DECISION OF THE COURT ON ISSUE #1:

(At this point, the court’s options are:

a. Restatement of an award of $15,735.97

b. A [sic] award of $17,043.44 as Aimee requested on Nov 28, 2007.

c. Some other award determined by the court to be fair and reasonable. 

Although the Proposed Order was clearly submitted with the intent that the court would redraft the order and choose one of the suggested options, the district court inexplicably signed the Proposed Order as submitted without indicating which, if any, of the options it was adopting.  Therefore, the Proposed Order does not resolve the issue, and we must reluctantly again remand the matter to the district court for reconsideration of Aimee Martinson’s request for attorney fees for the North Dakota ex parte proceedings.  

[¶12] We feel compelled to define the proper scope of the remand and clarify issues which may arise.  In response to our directive that the court on remand would have the opportunity to explain why it awarded attorney fees for the Minnesota proceedings but not the North Dakota proceedings, 
see
 
Martinson
, 2010 ND 110, ¶ 20, 783 N.W.2d 633, the Proposed Order submitted by James Martinson and signed by the district court noted that “[s]uch an explanation might well be given as there are reasons such a distinction might be made.”  The Proposed Order then noted James Martinson did not “personally receive notification” of the cancellation of a hearing in the Minnesota proceeding until he had already traveled to Minnesota for the hearing.  To the extent the Proposed Order suggests that attorney fees could be denied because it was Aimee Martinson’s “fault” that James Martinson did not “personally receive notification” of the cancellation of the Minnesota hearing, fault is a consideration in awarding attorney fees under N.D.C.C. § 14-05-23 only to the extent one party has unreasonably escalated the fees.  
E.g.
, 
Martinson
, at ¶ 24; 
Wagner v. Wagner
, 2007 ND 101, ¶ 23, 733 N.W.2d 593.  The district court did not find, and James Martinson does not argue, that Aimee Martinson’s alleged failure to personally notify James Martinson of the cancellation of the hearing unreasonably escalated the fees in this case.  Furthermore, the district court did not address Aimee Martinson’s contention that James Martinson’s attorney had been notified of the cancellation of the hearing well in advance and that Aimee Martinson had no duty to personally notify James Martinson of the cancellation.  Aimee Martinson’s alleged “fault” in failing to personally notify James Martinson of the cancellation of the Minnesota hearing does not justify denial of attorney fees and costs for the North Dakota proceedings.  

[¶13] We also wish to clarify that the $15,735.97 in attorney fees previously awarded  for the Minnesota proceedings is not subject to revision on remand.  The Proposed Order signed by the district court indicated there were three available options: the $15,735.97 previously awarded, the $17,043.44 sought by Aimee Martinson, or “[s]ome other award determined by the court to be fair and reasonable.”  The award of $15,735.97 for the Minnesota proceeding was not challenged on the prior appeal, 
Martinson
, 2010 ND 110, ¶ 20, 783 N.W.2d 633, and only the additional  amount sought for the North Dakota ex parte proceedings is at issue on remand.  

III

[¶14] Aimee Martinson contends the district court erred in failing to award attorney fees and costs for the proceedings on her motion to modify the visitation provisions of the divorce judgment.

[¶15] Before the prior appeal, the district court had denied attorney fees and costs for the motion based upon its determination that the judgment had not been modified, Aimee Martinson had abandoned her motion, she had not provided a sufficient basis for an award of attorney fees, and James Martinson’s visitation rights would have been impacted had the court granted the motion.  We rejected the district court’s findings and reasoning, and specifically remanded for reconsideration of Aimee Martinson’s request for attorney fees and costs under a correct application of the law.  
See
 
Martinson
, 2010 ND 110, ¶¶ 16-17, 21-28, 783 N.W.2d 633.  We outlined for the district court the proper law to apply on remand:

In deciding a request for attorney fees and costs under N.D.C.C. § 14-05-23, the court must balance one party’s needs against the other party’s ability to pay and consider whether either party’s actions unreasonably increased the time and expenditures on the case.  In determining whether to award costs and attorney fees, fault is a consideration only to the extent one party has unreasonably escalated the fees.

Id.
 at ¶ 24 (citations omitted).  We expressly concluded that “[t]he court failed to correctly apply the law and balance Aimee Martinson’s need against James Martinson’s ability to pay and consider whether either party unreasonably escalated the fees and costs,” 
id.
 at ¶ 29, and we remanded for reconsideration of Aimee Martinson’s request for attorney fees and costs.

[¶16] Despite our clear explanation of the scope of the remand and the relevant law to be applied, the district court ignored our directives and again failed to address the parties’ needs or ability to pay and whether either party had unreasonably escalated the fees and costs.  Rather, the court wandered off on a tangent, providing other justifications for denying attorney fees and costs.  The Proposed Order signed by the court attempted to explain the denial of fees and costs with lengthy findings rehashing the allegations of sexual abuse against James Martinson and the ultimate determination by Minnesota authorities that the allegations were unsubstantiated.  In doing so, however, the court did not suggest that Aimee Martinson acted in bad faith in pursuing the motion to modify the judgment or that she had unreasonably escalated the fees or costs of the proceedings.  In fact, the court has consistently indicated that Aimee Martinson acted in good faith in bringing the motion.  
See
 
Martinson
, 2010 ND 110, ¶ 16, 783 N.W.2d 633.  Characterizing Aimee Martinson’s belief that sexual abuse had occurred as a “mistake,” the district court concluded, “this court does not believe Jim should be made to pay for Aimee’s mistakes whether or not she made them in good faith and no further award of attorney fees and costs is made in connection with her pursuit of modification of visitation.” 

[¶17] The district court’s conclusion attempts to insert a generic concept of fault into the determination to award attorney fees and costs under N.D.C.C. § 14-05-23.  Under the well-settled law of this state, however, fault is a consideration only to the extent one party has unreasonably escalated the fees and costs.  
E.g.
, 
Martinson
, 2010 ND 110, ¶ 24, 783 N.W.2d 633; 
Dronen v. Dronen
, 2009 ND 70, ¶ 50, 764 N.W.2d 675; 
Wagner
, 2007 ND 101, ¶ 23, 733 N.W.2d 593; 
Bertsch v. Bertsch
, 2006 ND 31, ¶ 10, 710 N.W.2d 113.  The district court here concluded that Aimee Martinson should be denied attorney fees and costs when she litigated in good faith and in a reasonable manner, but upon a mistaken belief of the facts, because the “court does not believe Jim should be made to pay for Aimee’s mistakes whether or not she made them in good faith.”  That is not the law in North Dakota.

[¶18] Because the district court considered improper factors and failed to follow our directions on the prior remand, we again remand for a redetermination of Aimee Martinson’s request for attorney fees and costs for her motion to modify the divorce judgment.  We expressly direct that the court address Aimee Martinson’s needs, James Martinson’s ability to pay, and whether either party has unreasonably escalated the fees and costs.

[¶19] We also wish to clarify one further issue which might arise upon remand.  A significant portion of Aimee Martinson’s requested costs are fees for her experts employed in this litigation.  We note that the parties by stipulation have created a multi-level “superstructure” of experts to design and implement a reunification plan to facilitate resumption of visitation by James Martinson.  The stipulation provides that the parties’ experts would oversee the process and jointly select the “reunification therapist” and a new therapist for the children.  
See
 
Martinson
, 2010 ND 110, ¶ 9, 783 N.W.2d 633.  Having expressly agreed to this complex format, neither party may now argue that it constitutes an unreasonable escalation of the costs of the litigation.

IV

[¶20] We expressly directed on the prior remand that the district court address the unresolved financial issues raised by the parties, including payment of expenses incurred to hire a nanny and future expert expenses.  
Martinson
, 2010 ND 110, ¶ 33, 783 N.W.2d 633.  The district court failed to do so.  We again direct the district court upon remand to address and resolve the remaining financial issues.

V

[¶21] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  We reverse the “Proposed Order Upon Remand” signed by the court on September 9, 2010, and remand for further proceedings in accordance with this opinion.

[¶22] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

I concur in the result.

Gerald W. VandeWalle, C.J.

Sandstrom, Justice, dissenting.

[¶23] I respectfully dissent.

[¶24] The fundamental flaw in the majority opinion is that it confuses “good faith” with “reasonable.”

[¶25] In 
Martinson v. Martinson
, we said:

In deciding a request for attorney fees and costs under N.D.C.C. § 14-05-23, the court must balance one party’s needs against the other party’s ability to pay and consider whether either party’s actions
 unreasonably increased the time and expenditures
 on the case.  
Berg [v. Berg]
, 2000 ND 36, ¶ 22, 606 N.W.2d 895.  In determining whether to award costs and attorney fees, fault is a consideration only to the extent one party has 
unreasonably escalated the fees
.  
Wagner v. Wagner
, 2007 ND 101, ¶ 23, 733 N.W.2d 593.

2010 ND 110, ¶ 24, 783 N.W.2d 633 (emphasis added).

[¶26] A reasonableness standard is objective—what would a reasonable person have done in the circumstances?  By contrast, a good-faith standard is subjective—did the party in question think it was acting reasonably, regardless of whether it was or not when viewed from the perspective of a reasonable person?  
See
 
Black’s Law Dictionary
 762, 1379 (9th ed. 2009) (“Good faith” is a “state of mind consisting in . . . honesty in belief or purpose, . . . faithfulness to one’s duty or obligation, . . . or . . . absence of intent to defraud or to seek unconscionable advantage.”  “Reasonable” is “[f]air, proper, or moderate under the circumstances . . . [a]ccording to reason.”).

[¶27] As the district court properly held, when a party acts unreasonably but in good faith, the party is still acting unreasonably.  The court found Aimee Martinson unreasonably increased the expenditures.  Evidence in the record supports the finding.  Her unreasonableness is not obviated by good faith.  The district court did not abuse its discretion.

[¶28] The cancellation of the Minnesota hearing merits additional comment.  Aimee Martinson cancelled the hearing and did not notify James Martinson of the fact.  When she cancelled the hearing, she had a duty to inform James Martinson so he would not incur the costs of attending and being represented at the hearing.

[¶29] Finally, I agree that the district court failed to indicate which of three options it was ordering on the first issue addressed.  I would remand under N.D.R.App.P. 35(a)(3) (“If an issue or issues have not been tried or, if tried, not determined, the court may remand the case to the district court for a determination of the issue or issues, without relinquishing jurisdiction of the appeal.”).

[¶30] Dale V. Sandstrom